UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY A. WEINMAN,
as Chapter 7 Trustee,

    Plaintiff,

v.                                                    Case No. _____

TERRY LYNN WARREN, both as
Successor Trustee of The Wander Living
Trust dated October 12, 1994 and
in her individual capacity,

    Defendant.
_____/

# COMPLAINT

Jeffrey A. Weinman, as Chapter 7 Trustee for the bankruptcy estate of James Michael Wander ("**Plaintiff**"), by and through the undersigned counsel, files this Complaint against Terry Lynn Warren, both individually and in her capacity as successor trustee of The Wander Living Trust dated October 12, 1994 (the "**Defendant**"). Through this Complaint, Plaintiff sues Defendant for breach of fiduciary duty, to enforce rights as a beneficiary under the trust, to compel distribution of trust property, to avoid fraudulent transfer, and for related relief. As its Complaint, Plaintiff alleges as follows:

## GENERAL ALLEGATIONS

### The Parties

1. Plaintiff, Jeffrey A. Weinman, is the Chapter 7 Trustee over the bankruptcy estate (the "**Bankruptcy Estate**") of James Michael Wander (the "**Debtor**").

2. On November 14, 2019 (the "**Petition Date**"), the Debtor filed his chapter 7 bankruptcy case in the United States Bankruptcy Court for the District of Colorado, commencing Case No. 19-19826-EEB (the "**Bankruptcy Case**").

3. On the Debtor's bankruptcy petition, he listed his residence as 675 S. Clinton St. Apt. 3A, Denver, Colorado.

4. On the Petition Date, the Debtor was a citizen of Colorado.

5. For purposes of diversity jurisdiction, Plaintiff is a citizen of the state of Colorado.

6. Defendant Terry Lynn Warren is a citizen of the state of Florida and resides in Pasco County, Florida.

### Jurisdiction and Venue

7. First, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1334(b) because this action is "related to" a case under Title 11 of the United States Code (the "**Bankruptcy Code**"). The outcome of this action would conceivably have an effect on the Bankruptcy Estate in that any

recovery by Plaintiff in this action would augment the Bankruptcy Estate and increase creditor recovery.

8. Second, this Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties in interest are citizens of different states. For diversity purposes, the citizenship of a chapter 7 bankruptcy trustee is determined by reference to the citizenship of the bankrupt debtor at the time of the filing of the bankruptcy petition. Plaintiff's citizenship is diverse from that of Defendant's. This Court has *in personam* jurisdiction over Defendant because she resides in this District, the events giving rise to the claims in this Complaint occurred in this District, and the real property that is the subject of this Complaint is situated in this District.

9. Venue in this Court is proper under 28 U.S.C. § 1391 because the real property that is a subject of this Complaint is situated in this District.

## Background

10. On the Petition Date, the Debtor filed his voluntary petition under Chapter 7 of the Bankruptcy Code, commencing the Bankruptcy Case. Plaintiff was appointed as trustee over the Bankruptcy Estate.

11. Plaintiff, as trustee of the Bankruptcy Estate, succeeded to all legal and equitable interests of the Debtor pursuant to 11 U.S.C. § 541.

12. As of the Petition Date, the Debtor was a beneficiary under The Wander Living Trust dated October 12, 1994 (the "**Wander Trust**"). Attached as **Exhibit A** to this Complaint is a partial copy of the Wander Trust provided to Plaintiff by the Debtor. Plaintiff intends to obtain a complete copy of the Wander Trust through discovery.

13. Gene Wander was the initial trustee under the Wander Trust.

14. Terry Lynn Warren is the "First Successor Trustee" under the Wander Trust. (Wander Trust Art. 4.01).

15. On June 6, 1996, Gene Wander deeded real property to the Wander Trust located at 5331 Mohawk Street, Zephyrhills, FL 33542 (the "**Mohawk Property**").

16. Gene Wander died on October 1, 2003.

17. The Wander Trust provides that, upon the death of Gene Wander, the Successor Trustee (Defendant) was to distribute all assets of the Wander Trust (which includes the Mohawk Property) equally to Stephen Wander, Terri Lynn Wander, and James Wander (the Debtor). (Wander Trust Art. 3.03).

18. Defendant, as successor trustee under the Wander Trust, never liquidated the Mohawk Property or distributed the Debtor's 1/3 share of the Mohawk Property to the Debtor, despite her express obligation under the Wander Trust.

19. The Mohawk Property appears to have a market value of approximately $130,000.

20. Upon information and belief, Defendant has resided in the Mohawk Property since Gene Wander's death on October 1, 2003, without paying any rent or compensation to the other beneficiaries of the Wander Trust (including the Debtor) as compensation for her use and occupancy of the Mohawk Property.

21. On August 28, 2020, Plaintiff sent correspondence to Defendant seeking information regarding the Debtor's interest in the Wander Trust and the Mohawk Property.

22. On January 28, 2021, shortly after Plaintiff sent his correspondence to the Defendant seeking information about the Wander Trust and the Mohawk Property, the Defendant executed a quitclaim deed transferring title to the Mohawk Property from the Wander Trust to herself, individually.

23. Based on the amount of documentary stamp taxes paid to record the quitclaim deed ($0.70), no consideration appears to have been paid by Defendant to the Wander Trust for the transfer.

## COUNT I

## Claim for Overdue Distribution under Fla. Stat. § 736.0506(2)

24. Plaintiff realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

25. Plaintiff is trustee of the Bankruptcy Estate of the Debtor and is the Debtor's successor-in-interest.

26. This is an action to recover an overdue distribution under Section 736.0506 of the Florida Statutes, a provision of the Florida Trust Code.

27. Under the Wander Trust, the Debtor was entitled to receive distribution of a 1/3 interest of the Mohawk Property (and any other property of the Wander Trust) upon the death of Gene Wander.

28. The required distribution of the 1/3 interest in the Mohawk Property to the Debtor is a distribution of income or principal the trustee is required to make to a beneficiary under the terms of the trust.

29. Defendant failed to distribute the 1/3 interest in the Mohawk Property to the Debtor, as required by the Wander Trust, within a reasonable time after the designated distribution date.

30. Plaintiff, as trustee of the Bankruptcy Estate, has succeeded to all legal and equitable interests of the Debtor.

31. Accordingly, Plaintiff, as trustee of the Bankruptcy Estate, is entitled to recover the overdue distribution from Defendant.

**WHEREFORE**, Plaintiff demands judgment against Defendant: (i) compelling Defendant, in her capacity as Successor Trustee of the Wander Trust, to distribute to Plaintiff, as Trustee of the Bankruptcy Estate, a 1/3 interest in the Property as an overdue distribution; (ii) awarding pre-judgment and post-judgment interest as allowed by law; and (iii) granting such other and further legal and equitable relief as the Court deems just and proper.

## COUNT II

### Breach of Fiduciary Duty

32. Plaintiff realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

33. Plaintiff is trustee of the Bankruptcy Estate of the Debtor and is the Debtor's successor-in-interest.

34. Defendant served as successor trustee of the Wander Trust following the death of Gene Wander.

35. As successor trustee of the Wander Trust, Defendant owed fiduciary duties to the beneficiaries of the Wander Trust, including the Debtor.

36. Defendant had a duty of loyalty to the beneficiaries of the Wander Trust under Fla. Stat. § 736.0802, which requires that the Defendant, as successor trustee, administer the Wander Trust solely in the interests of the beneficiaries.

37. Defendant also had a duty to take reasonable steps to control and protect the property of the Wander Trust pursuant to Fla. Stat. § 736.0809 and to keep clear, distinct, and accurate records of the administration of the Wander Trust as required by Fla. Stat. § 736.0810.

38. Further, the Defendant had a duty to act impartially in administering the property of the Wander Trust, with due regard for the Debtor's interests as a beneficiary of the Trust and without partiality to the interests of other beneficiaries of the Wander Trust under Fla. Stat. § 736.0803.

39. The Defendant, as trustee, owed a duty to the beneficiaries of the Wander Trust to administer the trust in good faith and for their benefit and in accordance with Fla. Stat. § 736.0801, *et seq.*

40. As set forth in the Wander Trust, upon the death of Gene Wander, Defendant as successor trustee was obligated to distribute all assets of the Wander Trust (which includes the Mohawk Property) equally to the three beneficiaries: Stephen Wander, Terri Lynn Wander, and James Wander (the Debtor). (Wander Trust Art. 3.03).

41. The Defendant never distributed to the Debtor his 1/3 share of the Property.

42. Instead of carrying out her duties to distribute the Property of the Wander Trust, the Defendant lived on the Property for the next 18 years while

8

the Mohawk Property remained an asset of the Wander Trust, without compensating the Wander Trust or its beneficiaries for her use and enjoyment of the Mohawk Property.

43. By failing to distribute the Mohawk Property as required by the Wander Trust, and instead using the Mohawk Property for her own use and enjoyment, Defendant breached her fiduciary duty of loyalty owed to the beneficiaries, including the Debtor.

44. The Debtor, as a beneficiary of the Wander Trust, suffered damages as a proximate cause of Defendant's breach of her fiduciary duties. Without limitation, the Debtor suffered damages in equal to his 1/3 share of rent the Defendant should have paid during the 18 years since the death of Gene Wander, totaling not less than $70,521.79.[1]

**WHEREFORE**, Plaintiff demands judgment against Defendant: (i) awarding damages; (ii) awarding pre-judgment and post-judgment interest as allowed by law; and (iii) granting such other and further legal and equitable relief as the Court deems just and proper.

---

[1] Figure determined by calculating current estimated monthly rental rate at $1,195 per month, and assuming 3% annual rental rate growth during the 18 years since 2003.

## COUNT III

## Accounting

45. The Plaintiff realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

46. Plaintiff is trustee of the Bankruptcy Estate of the Debtor and is the Debtor's successor-in-interest.

47. This is a claim to compel Defendant, as successor trustee of the Wander Trust, to account for the assets of the Wander Trust.

48. As successor trustee, Defendant had a duty to keep the beneficiaries of the Wander Trust reasonably informed about the administration of the trust and the material facts necessary for them to protect their interests.

49. As successor trustee, Defendant had a fiduciary duty to account to the beneficiaries of the Wander Trust.

50. Plaintiff, as successor-in-interest to the Debtor, is entitled to a trust accounting from the Defendant.

**WHEREFORE**, Plaintiff demands judgment against Defendant: (i) directing Defendant to provide to Plaintiff a trust accounting for the time of October 1, 2003 through the present, together with any supporting documents that may be reasonable and necessary to support such accountings; (ii)

awarding Plaintiff reasonable attorney fees and costs associated with this action; and (iii) granting such other and further legal and equitable relief as the Court deems just and proper.

## COUNT IV

### Avoidance of Constructively Fraudulent Transfers pursuant to Fla. Stat. §§ 726.105(1)(b), 726.106(1) & 726.108

51.     Plaintiff realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

52.     Plaintiff is trustee of the Bankruptcy Estate of the Debtor and is the Debtor's successor-in-interest.

53.     This is an action to avoid and recover fraudulent transfers pursuant to the Florida Uniform Fraudulent Transfers Act, Section 726 of the Florida Statutes ("**FUFTA**").

54.     Plaintiff is a creditor of the Wander Trust, because on the Bankruptcy Petition Date, the Debtor was entitled to receive an overdue distribution from the Wander Trust. In addition, the Debtor was entitled to damages from Defendant for her breach of fiduciary duty.

55.     On January 28, 2021, Defendant executed a quitclaim deed transferring title to the Mohawk Property from the Wander Trust to herself, individually.

56. As reflected on the quitclaim deed, the Wander Trust received less than reasonably equivalent value in exchange for the transfers of the Mohawk Property to Defendant, individually.

57. Specifically, upon information and belief, the Wander Trust did not receive any payment in return for the Mohawk Property, or received only nominal consideration in return for the Mohawk Property.

58. As a result of the transfer, the Wander Trust was insolvent, within the meaning of Fla. Stat. § 726.103, because the Wander Trust had no remaining assets following the transfer yet remained liable to the beneficiaries of the Wander Trust for overdue distributions.

59. At the time the transfer was made, the Wander Trust was generally not paying its debts as they became due. Specifically, the Wander Trust failed to make the distributions it owed to the beneficiaries of the Wander Trust and was liable to said beneficiaries on account of the overdue distributions.

60. As a result of the transfer of the Mohawk Property to Defendant, individually, Plaintiff was damaged and, pursuant to FUFTA, specifically Sections 726.105(1)(b), 726.106(1), 726.108, and 726.109 of the Florida Statutes, Plaintiff may avoid the transfers, obtain an attachment against the Mohawk Property, obtain judgment against Defendant for the value of the


Mohawk Property, and/or levy execution on the Mohawk Property or its proceeds.

**WHEREFORE**, Plaintiff demands judgment against Defendant: (i) avoiding the transfer of the Mohawk Property; (ii) awarding damages against Defendant in the amount of the value of the Mohawk Property; (iii) ordering attachment of the Mohawk Property; (iv) providing that the Plaintiff may levy execution against the Mohawk Property or any proceeds received by Defendant on account of subsequent sale of the Mohawk Property; (v) awarding pre-judgment and post-judgment interest as allowed by law; and (vi) such other and further legal and equitable relief as the Court deems just and proper.

## COUNT V

### Avoidance of Actually Fraudulent Transfers pursuant to Fla. Stat. §§ 726.105(1)(a), 726.106(2) & 726.108

61. Plaintiff realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

62. Plaintiff is trustee of the Bankruptcy Estate of the Debtor and is the Debtor's successor-in-interest.

63. This is an action to avoid and recover fraudulent transfers pursuant to the Florida Uniform Fraudulent Transfers Act, Section 726 of the Florida Statutes ("FUFTA").

64. Plaintiff is a creditor of the Wander Trust, because on the Bankruptcy Petition Date, the Debtor was entitled to receive an overdue

distribution from the Wander Trust. In addition, the Debtor is entitled to damages from Defendant for her breach of fiduciary duty.

65. On January 28, 2021, Defendant executed a quitclaim deed transferring title to the Mohawk Property from the Wander Trust to herself, individually.

66. The Transfers were made by Defendant, as trustee of the Wander Trust, with actual intent to hinder, delay, or defraud Plaintiff, who succeeded to the Debtor's rights as beneficiary of the Wander Trust.

67. Section 726.105(2) of the Florida Statutes sets forth several "Badges of Fraud" courts are to consider in evaluating whether a transfer is made with actual intent to hinder, delay, or defraud a creditor of the debtor.

68. Specifically, without limitation, the following non-exclusive factors establish that the transfer of the Mohawk Property from the Wander Trust to the Defendant, individually, was made with actual intent to hinder, delay, or defraud Plaintiff:

    (a) The transfer was made to or for the benefit of an insider, as Defendant was the person in control of the Wander Trust.

    (b) The transfer of the Mohawk Property was not disclosed to the Plaintiff, despite Plaintiff's August 28, 2020 correspondence to the Defendant.

(c)     Before the transfer was made, Defendant had been threatened with suit. Indeed, only five months before the transfer, Plaintiff sent correspondence to Defendant seeking to enforce the Bankruptcy Estate's rights as beneficiary of the Wander Trust.

(d)     Upon information and belief, at the time the transfer was made, the Mohawk Property comprised substantially all of the Wander Trust's remaining assets.

(e)     By effectuating the transfers, Defendant as trustee of the Wander Trust removed assets from the reach of Plaintiff, necessitating the filing of this Complaint.

(f)     The value of the consideration received by the Wander Trust in return for the Mohawk Property was *not* reasonably equivalent to the value of the Mohawk Property. As discussed *supra*, based on the amount of Florida documentary stamp taxes paid in connection with the Mohawk Property, the transfer was made for nominal or no consideration.

(g)     The Wander Trust became insolvent as a result of the transfer, because the Wander Trust still remained liable to Plaintiff and other beneficiaries.

69.     In sum, numerous badges of fraud are present, which conclusively establish that the transfer of the Mohawk Property from the Wander Trust to

Defendant, individually, was made by Defendant, as trustee of the Wander Trust, with actual intent to hinder, delay, or defraud Plaintiff.

70. As a result of the transfer of the Mohawk Property to Defendant, individually, Plaintiff was damaged and, pursuant to FUFTA, specifically Sections 726.105(1)(a), 726.108, and 726.109 of the Florida Statutes, Plaintiff may avoid the transfers, obtain an attachment against the Mohawk Property, obtain judgment against Defendant for the value of the Mohawk Property, and/or levy execution on the Mohawk Property or its proceeds.

**WHEREFORE**, Plaintiff demands judgment against Defendant: (i) avoiding the transfer of the Mohawk Property; (ii) awarding damages against Defendant in the amount of the value of the Mohawk Property; (iii) ordering attachment of the Mohawk Property; (iv) providing that the Plaintiff may levy execution against the Mohawk Property or any proceeds received by Defendant on account of subsequent sale of the Mohawk Property; (v) awarding pre-judgment and post-judgment interest as allowed by law; and (vi) such other and further legal and equitable relief as the Court deems just and proper.

### COUNT XI

### Constructive Trust

71. Plaintiff realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

72. Plaintiff is trustee of the Bankruptcy Estate of the Debtor and is the Debtor's successor-in-interest.

73. This is a claim seeking imposition of a constructive trust over the Mohawk Property because Defendant obtained the Mohawk Property through the abuse of her position as trustee of the Wander Trust, or other questionable means, and it is against equity that Defendant should retain the benefit of the Mohawk Property.

74. Under the Wander Trust, Defendant was required to distribute to each of the beneficiaries of the Wander Trust, including the Debtor, a 1/3 interest of the Mohawk Property upon the death of Gene Wander.

75. Instead of distributing to Debtor his share of the Mohawk Property, Defendant lived at the property for 18 years and fraudulently transferred the Mohawk Property from the Wander Trust to herself, individually.

76. Defendant has been unjustly enriched and it is against equity that she retain the benefit of the Mohawk Property, which she wrongfully obtained.

**WHEREFORE**, Plaintiff demands judgment against the Defendant: (i) imposing a constructive trust under which Defendant holds the Mohawk Property for the benefit of the beneficiaries of the Wander Trust, including Plaintiff; (ii) awarding pre-judgment and post-judgment interest as allowed by

law; and (iii) such other and further legal and equitable relief as the Court deems just and proper.

## COUNT XII

### Quiet Title

77. Plaintiff realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

78. Plaintiff is trustee of the Bankruptcy Estate of the Debtor and is the Debtor's successor-in-interest.

79. This is a claim seeking a judgment quieting title to the Mohawk Property in the name of the Wander Trust, subject to the obligations of the Wander Trust to distribute the trust assets to the trust beneficiaries, including the Plaintiff as successor-in-interest to the Debtor.

80. The Wander Trust was the legal title owner of the Mohawk Property until title was fraudulently transferred via quitclaim deed by Defendant as trustee to Defendant, individually.

81. The Wander Trust remains the real and rightful owner of the Mohawk Property.

82. The quitclaim deed and the right or title that Defendant, individually, pretends to have in the Mohawk Property constitutes a cloud on the title of the Mohawk Property held by the Wander Trust as the real owner.

83. Because the transfer of title to Defendant, individually, the claim of the Defendant, individually, is invalid.

**WHEREFORE**, Plaintiff demands judgment against the Defendant: (i) canceling and removing the conveyance or evidence of claim in the Defendant, individually and quieting title to the Mohawk Property for the benefit of the beneficiaries of the Wander Trust, including Plaintiff, subject to the obligations of the trustee to make overdue distributions; (ii) awarding pre-judgment and post-judgment interest as allowed by law; and (iii) such other and further legal and equitable relief as the Court deems just and proper

## RESERVATION OF RIGHTS

The Plaintiff reserves the right to further amend this Complaint upon completion of further investigation and discovery in order to assert any additional claims for relief against the Defendant or other potential defendants as may be warranted under the circumstances and applicable law.

DATED: November 4, 2021

*/s/ Matthew B. Hale*
Russel M. Blain (FBN 0236314)
Matthew B. Hale (FBN 0110600)
**STICHTER, RIEDEL, BLAIN & POSTLER, P.A.**
110 East Madison Street, Suite 200
Tampa, Florida 33602
(813) 229-0144 - Phone
Email: rblain@srbp.com
       mhale@srbp.com
Attorneys for Plaintiff