# "THE WANDER LIVING TRUST"

## ARTICLE 1

### Declaration of Trust

1.01. **Establishment of Revocable Living Trust:** GENE S. WANDER with this instrument declares the establishment of a revocable living trust and hereby transfers and delivers to trust without consideration all property described in the Schedule of Trust Property and referred to in this instrument as the "Trust Estate."

1.02. **Trust Particulars:** For convenient reference, the following information applies to this trust:

1) Name of Trust: THE WANDER LIVING TRUST

2) Date Established: *October 12*, 19*94*

3) Settlor/Trustee: GENE S. WANDER

4) Beneficiary: GENE S. WANDER

5) Contingent Beneficiaries:

   STEPHEN WANDER
   TERRI LYN WARREN
   JAMES WANDER

6) Successor Trustees:

   TERRI LYN WARREN
   JAMES WANDER

7) Trust Situs: The State of Florida

1.03. **Separate Trust Estate:** The property transferred to the Revocable Living Trust of GENE S. WANDER shall be known as the "separate trust estate" or "trust estate."

1.04. **Allocation of Trust Estate:** Initially the trust estate shall be allocated for the benefit of GENE S. WANDER, beneficiary.

## ARTICLE 2

### Trust During GENE S. WANDER's Life

2.01. **Introduction:** GENE S. WANDER, as trustee, will hold, administer, and distribute all property allocated to the "Trust During GENE S. WANDER's Life" for GENE S. WANDER's own benefit. GENE S. WANDER shall be permitted to reside upon any real property placed in this Trust as his/her permanent residence, and this permission shall qualify as the requisite beneficial interest and possessory right to constitute an entitlement to all of the protections of Florida homestead laws and constitutional protections, as amended from time to time.

## ARTICLE 3

### Trust at GENE S. WANDER's Death

3.01. Action at the Death of GENE S. WANDER: At the death of GENE S. WANDER but before the trust assets are allocated as set forth below, the successor trustee shall make the following distributions: NONE

3.02. GENE S. WANDER's Final Expenses: The successor trustee may, in the successor trustee's reasonable discretion, pay from the trust estate GENE S. WANDER's debts, last illness and funeral costs, and administration expenses for this trust.

3.03. Allocation of Trust Estate - upon the death of Gene S. Wander, the Trustee shall distribute the assets of the trust as follows:

   1. If an asset of the trust, any automobile shall be distributed to Terri Lyn Warren.

   2. All the rest of the assets of the trust shall be distributed equally to Stephen Wander, Terri Lyn Wander, and James Wander, share and share alike, or to the survivor or survivors of them, per capita.

   If no beneficiaries exist, the successor trustee shall give the remainder to the heirs of GENE S. WANDER, their identities and shares to be determined under Florida law in effect on the date of execution of this instrument relating to succession of property.

3.04. Death Taxes - GENE S. WANDER's Trust: Except for gifts expressly made free of tax, GENE S. WANDER directs the successor trustee to charge and collect all federal death taxes from those persons sharing in the federal taxable estate. Further, GENE S. WANDER directs the successor trustee to charge and collect all state death taxes, if any, in the same manner as the federal death taxes and not as probate administration expenses.

## ARTICLE 4

### Office of Trustee

4.01. Nomination of Trustees for All Trusts: For all trusts under this instrument, the trustee and successor trustees shall be those persons named below. Each successor trustee shall serve in the order designated if the prior trustee fails to qualify or ceases to act.

Trustee: GENE S. WANDER

First Successor Trustee: TERRI LYN WARREN

Second Successor Trustee: JAMES WANDER

4.02. Trustee May Appoint Co-trustee: Any trustee, sole trustee, co-trustee, or special trustee may appoint co-trustee, individual trustee or corporate trustee. If the appointing trustee ceases to act, the appointed co-trustee may also exercise this power. Such appointments shall supersede any successor trustee designated in this instrument.

4.03. Co-trustee May Allocate Duties: Any co-trustee may allocate duties between those serving by a written agreement and concurrence by a majority of the adult income and principal beneficiaries. After such delegation, any one trustee may unilaterally revoke such

4.12. Compensation for Corporate Trustee - Fee Schedule: The corporate trustee shall pay itself on an annual basis according to the corporate trustee's published fee schedule in effect from time to time.

4.13. Investment Duties - Proposals by Corporate Trustee: The corporate trustee shall make periodic reviews of the investments held by the trust estate and, based on these reviews, make written proposals to the individual trustee regarding purchases and sales of trust assets. If the individual trustee fails to notify the corporate trustee in writing of the disapproval of any proposed sale or investment within ten (10) days after mailed notice, the corporate trustee may consider such inaction as approval. The corporate trustee shall not be liable for any loss resulting from retention or investment of any property when the individual trustee disapproved of the action.

4.14. Employment of Consultants - General: The trustee may employ custodians, attorneys, accountants, investment advisers, corporate fiduciaries, or any other agents or advisers to assist the trustee in the administration of this trust and may rely on the advice given by these agents. The trustee shall pay reasonable compensation for all services performed by these agents from the trust estate out of either income or principal as the trustee in the trustee's reasonable discretion determines. These payments shall not decrease the compensation to which the trustee is entitled.

4.15. Exculpatory Clause - All Trustees: No trustee shall be liable to any person interested in this trust for any act or default unless it results from the trustee's bad faith, willful misconduct, or gross negligence.

4.16. Waiver of Liability for Predecessor Trustee: Any trustee may accept as correct any accounting of trust assets made by any predecessor trustee. However, a trustee may institute any action or proceeding for the settlement of the accounts, acts, or omissions of any predecessor trustee.

4.17. Bond - Waiver: No trustee, including a nonresident, shall be required to post bond or security.

4.18. Trustee Self-Dealing - Loan, Buy, and Sell: The trustee shall have the power to loan or advance the trustee's own funds to the trust for any trust purpose, with interest at current rates, to receive security for such loans in the form of a mortgage, pledge, deed of trust, or other encumbrance of any assets of the trust, to purchase or exchange assets of the trust at their fair market value as determined by an independent appraiser, to sell property to the trust at a price not in excess of its fair market value as determined by an independent appraiser, and to lease assets to or from the trust for fair rental value as determined by an independent appraiser.

4.19. Trustee and Executor Transactions - Self-Dealing Permitted: The trustee and the executor of the settlor's estate may freely contract financial transactions between themselves, such as the purchase and sale of assets and the making of loans, secured and unsecured, notwithstanding each office being held by the same person and apparent conflicts of interest.

ARTICLE 5

Trustee Management Powers

5.01. Introduction: For all trusts under this instrument, the trustee shall have the management powers set forth below in addition to those powers now or hereafter conferred

Case 8:21-cv-02604-CEH-TGW   Document 1-1   Filed 11/05/21   Page 6 of 18 PageID 25

by law.

5.02. Retain or Abandon Property: The trustee shall have the power to retain any property, including shares of the trustee's own stock, or to abandon any property that the trustee receives or acquires.

5.03. Unproductive Property: Except when specifically restricted, the trustee shall have the power to retain, purchase, or otherwise acquire unproductive property.

5.04. Sell, Exchange, Repair: The trustee shall have the power to manage, control, grant options on, sell (for cash or on deferred payments with or without security), convey, exchange, partition, divide, improve, and repair trust property.

5.05. Lease: The trustee shall have the power to lease trust property for terms within or beyond the terms of the trust and for any purpose, including exploration for and removal of gas, oil, and other minerals and to enter into community oil leases, pooling, and unitization agreements.

5.06. Investments - General Power: The trustee shall have the power to invest and reinvest the trust estate in every kind of property, real, personal, or mixed, and every kind of investment, specifically including, but not by way of limitation, corporate obligations of every kind, stocks, preferred or common, shares in investment trusts, investment companies, mutual funds, mortgage participations, life insurance policies on the life of any beneficiary that men of prudence, discretion, and intelligence acquire for their own account, and any common trust fund administered by the trustee.

5.07. Securities: The trustee shall have all the rights, powers, and privileges of an owner of the securities held in trust, including, but not by way of limitation, the power to vote, give proxies, and pay assessments; to participate in voting trusts and pooling agreements (whether or not extending beyond the term of the trust); to enter into shareholders' agreements; to consent to foreclosure, reorganizations, consolidations, merger liquidations, sales, and leases; and, incident to any such action, to deposit securities with and transfer title to any protective or other committee on such terms as the trustee may deem advisable; and to exercise or sell stock subscription or conversion rights.

5.08. Investment Funds: The trustee shall have the power to invest in mortgage participations, in shares of investment trusts and regulated investment companies, including any under the control of any investment counsel employed by the trustee, in mutual funds, money market funds, and index funds that investors of prudence, discretion, and intelligence acquire for their own account.

5.09. Nominee's Name: The trustee shall have the power to hold securities or other property in the trustee's name as trustee under this trust, or in the trustee's own name, or in the name of a nominee, or the trustee may hold securities unregistered in such condition that ownership will pass by delivery.

5.10. Insurance: The trustee shall have the power to carry, at the expense of the trust, insurance of such kinds and in such amounts as the trustee deems advisable to protect the trust estate against any damage or loss and to protect the trustee against liability with respect to third parties.

5.11. Borrow - General: The trustee shall have the power to borrow money and to encumber or hypothecate trust property by mortgage, deed of trust, pledge, or by otherwise securing the indebtedness of the trust or the joint indebtedness of the trust and a co-owner

of the trust property.

5.12. Loan: The trustee shall have the power to loan money to any person, including a trust beneficiary or the estate of a trust beneficiary, at prevailing interest rates and with or without security as the trustee deems advisable.

5.13.    Bonds - Limitations: The trustee shall have the power to purchase bonds either at a premium or at a discount. For bonds purchased at a premium, the trustee shall, in a reasonable manner, periodically repay to principal each premium from interest on the bond or sale or redemption proceeds. For bonds purchased at discounts, the trustee shall periodically accumulate each discount as interest and, to the extent necessary, pay such discount out of principal or from the sale or redemption proceeds.

5.14.    Invest in Life Insurance: The trustee shall have the power to acquire and maintain life insurance policies on the life of any person, including a trust beneficiary, and to exercise all rights of ownership granted to such policies.

5.15. General Partnership Restriction: The trustee, in the trustee's absolute discretion, shall have the election to act only as a limited partner of any partnership in the trust and shall take any action necessary to effect this election.

5.16. Treasury Bonds - Special Tax Redemptions: The trustee shall have the power to purchase at less than par obligations of the United States of America that are redeemable at par in payment of any federal estate tax liability of a settlor in such amounts as the trustee deems advisable. The trustee shall exercise this discretion if the trustee believes that a settlor is in substantial danger of death, and the trustee may borrow funds and give security for such purchase. The trustee shall resolve any doubt concerning the desirability of making the purchase and its amount in favor of making purchase and in purchasing a larger, even though somewhat excessive, amount. The trustee shall not be liable to a settlor, any heir, or any beneficiary of this trust for losses resulting from purchases made in good faith. The trustee shall redeem such obligations to the fullest extent possible in payment of a settlor's federal estate tax liability.

## ARTICLE 6

### Trustee Accounting and Distribution Powers

6.01. Introduction: For all trusts under this instrument, the trustee shall have the following powers and duties for accounting and tax matters.

6.02. Private Accounting: The trustee shall periodically render an account of its administration of the trusts under this instrument for the benefit of the current income and current principal beneficiaries who are then adults. The beneficiary's written approval of the accounting shall be a complete protection of the trustee as to all matters and transactions stated or shown by the accounting. Failure to transmit to the trustee either (a) the written approval of such accounting, or (b) a written objection to the accounting, with reasons specified, within a period of ninety (90) days after a written request by the trustee for such approval shall constitute a written approval of the guardian, conservator, or representative of such person entitled to the accounting. To the extent permitted by law, the written approval of the adult beneficiaries shall bind minor and contingent remainder interests. Except as provided in this paragraph, any reports or accounts otherwise required by law are hereby waived to the fullest extent of the law.

6.03. Principal and Income - Act Governs: The trustee shall determine all matters with respect to what is principal and income of the trust estate and the apportionment and allocation of receipts and expenses between these accounts by the provisions of the Florida law from time to time existing. When this instrument or such Law does not provide, the trustee, in the trustee's reasonable discretion, shall determine the characterization.

6.04. Depreciation Reserve - Mandatory: The trustee shall establish reasonable reserves for depreciation, notwithstanding any other provision of this instrument or the Florida law governing income and principal allocation.

6.05. Undistributed Income: Income accrued or unpaid on trust property when received into the trust shall be treated as any other income. Income accrued or held undistributed by the trustee at the termination of any trust or any interest in a trust created under this instrument, other than a trust that may be a qualified terminable interest property trust, shall go to the next beneficiaries of that interest or trust in proportion to their interest in it. Income accrued or held in trust on the termination of a qualified terminable interest property trust shall go to the beneficiary of that trust immediately before the termination or to his or her estate.

6.06. Expense Allocation - Proration: The trustee shall prorate on a daily basis all taxes and current expenses among successive beneficiaries over the period to which they relate.

6.07. Tax Consequences - Adjustment: The trustee shall have the power in the trustee's reasonable discretion to take any action and to make any election to minimize the tax liabilities of any trust and its beneficiaries, to allocate the benefits among the various beneficiaries, and to make adjustments in the rights of any beneficiaries, or between the income and principal accounts, to compensate for the consequences of any tax election or any investment or administrative decision that the trustee believes has had the effect of directly or indirectly preferring one beneficiary or group of beneficiaries over others.

6.08. Multiple Trusts - No Physical Division: If more than one trust is held under this instrument, the trustee shall not be required to physically segregate or divide assets among the various trusts, except on the termination of any of the trusts. However, the trustee shall keep separate accounts for the separate undivided interests, and the trust may hold undivided interests in the same assets.

6.09. Death Taxes of Beneficiary - Authority To Pay: The trustee, in the trustee's discretion, shall have the power to pay from the trust estate, and to allocate between income and principal, any death taxes to the extent that such taxes are attributable to the trust estate or any part of it (calculated at the average rates applicable to such tax). However, any trust property otherwise exempt from federal estate tax shall not be subject to the payment of any such death taxes.

6.10. Beneficiary's Last Illness and Funeral Expenses: The trustee shall have the power, in the trustee's reasonable discretion, to pay the last illness expenses, funeral expenses, and other obligations incurred for the beneficiary's support from the income or principal of the beneficiary's trust.

6.11. Distributions - Consideration of Basis of Assets: In making nonprorata distributions to beneficiaries, the trustee shall consider and attempt to equalize, as far as practicable, the aggregate income tax basis of assets distributed to the various beneficiaries. Any such determination by the trustee shall bind all parties in interest.

6.12. Distributions and Powers of Appointment: If, on expiration of the later of either six (6) months after the death of any person holding a power of appointment created by this

instrument or the expiration of the statutory period within which a will contest must be filed, the trustee has not received any document purporting to exercise the power, the trustee may distribute any property according to the terms of this instrument as if the power had not been exercised. If a document purporting to exercise the power is subsequently located, the trustee shall not be liable to the appointees under that exercise, and the rights of the appointees and the persons receiving property from the trustee shall follow applicable law.

6.13. Distribution - Broad Powers: When the trustee must divide any trust property into parts or shares for the purpose of distribution or otherwise, the trustee may, in the trustee's reasonable discretion, make the division and distribution in identical interests, in kind, or partly in kind and partly in money, prorata or nonprorata. Also, the trustee may make such sales of the trust property as the trustee deems necessary to accommodate such distributions.

6.14. Deferral of Division and Distribution: If the trust directs distribution of the trust estate or division into separate trusts, then the trustee may, in the trustee's reasonable discretion, defer that distribution or division for a period reasonably necessary to wind up properly the affairs of the trust. When the trustee so defers, the trustee shall make the distribution or division as if it had taken place at the time prescribed in the absence of this paragraph, and all beneficiary rights in those trust assets shall accrue and vest as of the prescribed time.

6.15. Small Trust Termination - Trustee Discretion: The trustee may determine, in its reasonable discretion, if the principal of the trust is uneconomical to administer. The trustee may then, in its reasonable discretion, (1) distribute the trust assets to the beneficiaries in proportion to their interests in income; (2) purchase and deliver to the income beneficiaries a restrictive savings account, certificate of deposit, annuity, or endowment; (3) distribute the trust assets to a custodian for the beneficiaries under the Florida; or (4) distribute the trust assets as provided by said law. On such distribution and delivery, the trust shall terminate. The trustee shall not be liable or responsible to any person for its action nor for its failure or refusal at any time to terminate the trust as authorized in this paragraph.

6.16. Payment of Income or Principal - Trustee's Discretion To Select Payee: If income or principal is payable to a minor, to a person under legal disability, or to a person not adjudicated incompetent but who, by reason of illness or mental or physical disability, is in the opinion of the trustee unable to manage the distribution properly, then the trustee may, in its reasonable discretion, pay such income or principal in any of the following ways: (1) to the beneficiary directly, (2) to the legally appointed guardian or conservator of the beneficiary, (3) to a custodian for the beneficiary under the Florida law governing transfers of property to minors, (4) for the benefit of the beneficiary, or (5) to an adult relative or friend in reimbursement for amounts properly advanced for the benefit of the beneficiary.

6.17. Back-up Trust for Minor Beneficiary's Discretion: Except when this instrument provided otherwise, the trustee shall delay outright distribution of any minor beneficiary's interest in a trust by continuing in a separate trust such minor's share, subject to any trustee discretion to terminate a small trust or court-ordered termination. The trustee shall add all income to principal and pay to or for the benefit of the minor beneficiary as much of the trust estate as in necessary for the minor beneficiary's health, education, support, or maintenance in the minor beneficiary's accustomed manner of living after taking into account the minor beneficiary's other income and resources known to the trustee and reasonably available for that purpose. When the minor beneficiary attains majority, the trustee shall distribute the trust estate to the beneficiary outright. If the minor beneficiary dies before distribution, the trustee shall distribute the trust estate to the beneficiary's estate.

## ARTICLE 7

### Trust Administration Provisions

**7.01. Introduction:** The following additional trust provisions shall apply under this instrument:

**7.02. Spendthrift Provision:** No beneficiary shall anticipate, assign, encumber, or subject to any creditor's claim or to legal process any interest in principal or income before its actual receipt by any beneficiary. The beneficial and legal interest in this trust, its principal, and its income shall be free from interference or control of any beneficiary's creditor and shall not be subject to claims of any such creditor or liable to attachment, execution, bankruptcy, or other process of law.

**7.03. Perpetuities Savings Clause - Settlor and Descendants:** All trust created by this instrument or by the exercise of any power of appointment shall terminate twenty-one (21) years after the death of the settlor and of the descendants of GENE S. WANDER living at the settlor's death. The trustee shall distribute the principal and undistributed income of a terminated trust to the then-living income beneficiaries of that trust in the same proportion that the beneficiaries are entitled to receive income when the trust terminates. At the time of such termination, if the trust does not fix the rights to income, the trustee shall distribute the trust by right of representation to the persons who, in the trustee's reasonable discretion, are entitled to receive trust payments.

**7.04. Disclaimer of Administrative Powers:** The trustee may disclaim, release, or restrict the scope of any power held in connection with any trust, including any administrative power, whether such power is expressly granted or implied by law, by a written instrument specifying the power to be disclaimed, released, or restricted and the nature of any such restriction. The special trustee shall exercise all powers disclaimed or released.

**7.05. Trustee Powers - Fiduciary Role:** The trustee shall exercise all of the powers in the trustee's fiduciary capacity and only in such capacity. Further, the trustee shall have no power to enlarge or shift any of the beneficial interest under any trust except as in incidental consequence of the discharge of the trustee's fiduciary duties and shall not make any distribution that discharges any beneficiary's legal obligations of support.

**7.06. Compromise Claims:** The trustee shall have the power to compromise, submit to arbitration, abandon, or otherwise adjust any claims or litigation against or in favor of the trust.

**7.07. Litigation:** The trustee shall have the power to commence or defend litigation with respect to the trust estate, as the trustee may deem advisable, at the expense of the trust.

**7.08. Conflicting Claims and Withholding Payment:** On the occurrence of any event requiring the trustee to divide, segregate, or distribute the trust property, the trustee may delay, without the payment of interest, the division, segregation, or distribution of all or any part of such property for such period of time as may be necessary to ascertain and provide for any such contingent liability. However, this delay shall not affect the vesting of any interests of the accrual and payment of trust income to any beneficiary.

**7.09. Trustee Powers Survive:** All powers, duties, and immunities of the trust shall continue after termination of any trust and until the trustee has made actual distribution of the property of such trust.

7.10. Notice of Events: Unless the trustee receives written notice of the occurrence of an event affecting the beneficial interest of the trust, the trustee shall not be liable to any beneficiary for any distributions made or other actions taken by the trustee in good faith.

7.11. Additions to Trust by Third Party: With the consent of the trustee, any third party may add additional property at any time to any trust.

7.12. Florida Law Governs: Florida law governs the validity, construction, interpretation, and administration of all trusts under this instrument. It is specifically directed by the settlor herein that this trust shall not be subject to the provisions of Florida Statute 737.402 (4). This direction is made pursuant to the provision in Florida Statute 737.402 (4) (a), that this trust, by providing hereby expressly to the contrary, and by this reference thereto that said statute shall not apply, so that this trust shall be exempt from the provisions of Florida Statute 737.402 (4). If any individual Section or Clause of this trust shall be found by a court of competent jurisdiction to be void or unenforceable, the remaining Sections of the trust shall nonetheless remain valid and in full force and effect.

7.13. No Contract for Disposition of Trust: No settlor has made any agreement (other than this instrument) controlling the disposition of the trust estate, and the provisions of this trust shall not be read as evidence of any such agreement.

## ARTICLE 8

### Contest, Disinheritance, Definitions

8.01. No Contest - Contestant Disinherited: If any beneficiary in any manner, directly or indirectly, contests or attacks this instrument or any of its provisions, any share or interest in the trust given to that contesting beneficiary under this instrument is revoked and shall be disposed of in the same manner provided herein as if that contesting beneficiary had predeceased GENE S. WANDER.

8.02. Survivorship Requirement: For all gifts under this instrument, the beneficiary must survive GENE S. WANDER for thirty (30) days before entitlement to such gifts.

8.03. Trustee Powers Survive: All of the trustee's powers, duties, and immunities shall continue after termination of any trust until the successor trustee has made actual distribution of the trust estate.

8.04. Definitions - Trust: As used in this instrument, the terms are defined as follows:

"Descendants" shall mean lineal descendants in any degree of the ancestor designated and shall include persons adopted during minority.

"Brothers and sisters" shall include half-brothers and half-sisters if those persons are lineal descendants of GENE S. WANDER.

"Trust," "trusts," and "trust estate" shall be interpreted in the singular or plural as the context indicates.

"Corporate trustee" shall mean a trust company or a bank with trust powers authorized to act within the United States.

"Education expenses" shall include the cost of elementary, secondary, college, university, postgraduate study, seminars, individual or independent research or study, and travel or

foreign study. The successor trustee may also consider the beneficiary's related living expenses to the extent they are reasonable.

"Death taxes" shall include federal, foreign, state, and local estate and inheritance taxes, including penalties and interest, but not generation-skipping or special use valuation recapture taxes or marital deduction qualified terminable interest attribution.

"Disclaimer" or "qualified disclaimer" has the same meaning that "qualified disclaimer" has under the Internal Revenue Code and supporting regulations.
The masculine, feminine, or neuter gender and the singular or plural number shall each include the others whenever the context indicates.

"Beneficiary's other resources" shall include the beneficiary's employable skills and a third party's support obligations.

"Primary beneficiary" is a beneficiary whose interests and needs the trustee shall consider to be paramount over the other designated beneficiaries in the class.
Clause headings are for reading convenience and shall be disregarded when construing this instrument.

## ARTICLE 9

### Grantor's (Settlor's) Right to Homestead Tax Exemption

9.01. Grantor's (Settlor's) Right to Homestead Tax Exemption: The Grantors (Settlors) shall have the right to reside upon any real property in this Trust as their permanent residence during their life, it being the intent of this provision to grant to Grantor (Settlor) the requisite beneficial interest and possessory right in and to such real property to comply with Section 196.041 of the Florida Statutes, such that said beneficial interest and possessory right constitute in all respects "equitable title to real estate" as that term is used in Section 6, Article VII of the Constitution of the State of Florida. Notwithstanding anything contained in the Trust Agreement to the contrary, the interest of Grantors (Settlors) in any real property upon which Grantors (Settlors) reside pursuant to the provisions of this Trust Agreement shall be deemed to be an interest in real property, and not personalty.

## ARTICLE 10

### Execution and Acknowledgement

10.01.   Signature Clause - GENE S. WANDER:  GENE S. WANDER certifies that GENE S. WANDER has read the foregoing Declaration of Trust and that it correctly states the terms and conditions under which the trustee is to hold, manage, and distribute the trust estate. GENE S. WANDER approves the Declaration of Trust in all particulars.

IN WITNESS WHEREOF, I have hereunto set my hand and seal to this my Declaration of Trust this ___12th___ day of ___October___, 19_94_.

_Gene S Wander_
GENE S. WANDER, Settlor and Trustee

Signed and Acknowledged in our presence by the said Settlor as and for his/her Declaration of Trust, and at his/her request in his/her presence, and in the presence of each other, we hereunto subscribe our names as attesting witnesses this _12th_ day of _October_, 19_94_.

_Florence Atherton_
WITNESS

_E B Wadsworth_
WITNESS

## AFFIDAVIT

I, GENE S. WANDER, and _Florence Atherton_ and _E. B. Wadsworth_ _____, the Settlor and the witnesses respectively, whose names are signed to the attached or foregoing instrument, having been sworn, declared to the undersigned officer, the Settlor, in the presence of the witnesses, signed the instrument as his/her Declaration of Trust, and that he/she signed, and that each of the witnesses, in the presence of each other, signed the Declaration of Trust as a witness.

_Gene S Wander_
GENE S. WANDER

_Florence Atherton_
WITNESS

_E B Wadsworth_
WITNESS

COUNTY OF _Pasco_
STATE OF _Florida_

Sworn to and subscribed before me this _12th_ day of _October_, 19_94_

_Sheila K. Hoffer_
Signature of Notary Public - State of _Florida_

_Sheila K. Hoffer_
Print, Type or Stamp Commissioned Name of Notary Public

SHEILA K HOFFER
My Commission CC370741
Expires May. 08, 1998
Bonded by HAI
800-422-1555

Personally Known _____ OR __✓__ Presented Identification

_Florida Drivers Lic._
Type of Identification Produced