**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JEFFREY A. WEINMAN,

      Plaintiff,

v.                                                              Case No: 8:21-cv-2604-CEH-TGW

TERRY LYNN WARREN,

      Defendant.

_____

## <u>ORDER</u>

In this action, Plaintiff Jeffrey A. Weinman, as Chapter 7 Trustee of the bankruptcy estate of James Michael Wander, sues Terry Lynn Warren for breach of fiduciary duty, to enforce rights as a beneficiary under a trust, to compel distribution of trust property, and to avoid a fraudulent transfer. His claims relate to a Florida property that was part of a trust, under which Debtor James Michael Wander was allegedly entitled to a mandatory distribution of a 1/3 share.  Now before the Court is Plaintiff's Motion for Summary Judgment (Doc. 28), to which Defendant did not respond. The Court, having considered the briefing, the record, and being fully advised in the premises, will grant the Motion, in part.

## I.     FACTS and BACKGROUND[1]

### A. The Bankruptcy Estate

Plaintiff Weinman is the Chapter 7 Trustee of the bankruptcy estate of James Michael Wander (the "Debtor"), which is pending in the United States Bankruptcy Court for the District of Colorado. Doc. 29-1 at 1–2 ¶¶ 4–7. The Debtor's Chapter 7 bankruptcy petition and schedules list a 1/3 interest in real property located at 5331 Mohawk Street, Zephyrhills, FL 33542 (the "Mohawk Property") as one of his assets. *Id.* ¶ 9. Plaintiff, as Chapter 7 Trustee over the Debtor's bankruptcy estate, is responsible for collecting and reducing to money the property of the estate, among other things. *Id.*

### B.  The Wander Trust

As of the Petition Date, November 14, 2019, the Debtor was a beneficiary of the Wander Living Trust, dated October 12, 1994, (the "Wander Trust"). *See* Doc. 29-1 at 32; Doc. 29-4 at 14, 107–124. Gene Wander was the initial trustee under the Wander Trust. Doc. 1 ¶ 13; Doc. 15 ¶ 13. Defendant Terry Lynn Warren was listed as the "First Successor Trustee." Doc. 29-2 at 11; Doc. 1 ¶ 14; Doc. 15 ¶ 14. On June 6, 1996, Gene Wander conveyed the Mohawk Property to the Wander Trust. Doc. 1 ¶ 15; Doc. 15 ¶ 15. Gene Wander died on October 1, 2003. Doc. 1 ¶ 16; Doc. 15 ¶ 16.

---

[1] The Court has determined the facts based on Plaintiff's submissions, affidavits, and exhibits. *See* Docs. 28, 29. For purposes of summary judgment, the Court considers the facts in the light most favorable to the non-moving party (Defendant) as required by Fed. R. Civ. P. 56.

Defendant Warren, as named in the Wander Trust, served as the first successor trustee of the trust following the death of Gene Wander. Doc. 1 ¶ 34; Doc. 15 ¶ 34. The Wander Trust provides that, upon the death of Gene Wander, the Successor Trustee was to distribute all assets of the Wander Trust equally to Stephen Wander, Terri Lynn Wander, and James Wander (the Debtor). Doc. 29-2 at 11; Doc. 1 ¶ 17; Doc. 15 ¶ 17. Defendant never liquidated the Mohawk Property or distributed the Debtor's 1/3 share of the Mohawk Property to the Debtor, despite her express obligation under the Wander Trust. Doc. 29-3 at 6 ¶¶ 4–5.[2] Defendant has resided on the Mohawk Property since Gene Wander's death on October 1, 2003, without paying any rent to the other beneficiaries of the trust (including the Debtor) as compensation for her use and occupancy of the property. *Id.* ¶ 6; Doc. 29-4 at 29–30.

**C. Mohawk Property Transfer**

In August 2020, Plaintiff sent a demand letter to Defendant regarding the Debtor's interest in the Wander Trust and the Mohawk Property, inviting her to make an offer to purchase the bankruptcy estate's 1/3 interest. Doc. 29-1 at 62. Several months later, on January 28, 2021, Defendant instead executed a quitclaim deed

---

[2] Defendant failed to respond to Plaintiff's First Request for Admissions. Doc. 29-2 ¶ 9. Thus, as provided in Rule 36, Fed. R. Civ. P., the matters properly included in the requests are deemed admitted. *Bell v. Mallin,* No. 8:17-CV-2001-JDW-AAS, 2018 WL 3067845, at *2 (M.D. Fla. June 21, 2018) ("If the receiving party fails to respond to requests for admission within thirty days, any matters properly included in the requests are deemed admitted. Fed. R. Civ. P. 36(a)(3). The rule requires neither further action by the requesting party or court intervention; instead, matters properly requested to be admitted are automatically deemed admitted.").

transferring title to the Mohawk Property from the Wander Trust to herself, individually. Doc. 1 ¶ 22; Doc. 15 ¶ 22; Doc. 29-1 at 64.

In connection with Defendant's transfer of the Mohawk Property from the Wander Trust to herself, the Debtor executed an affidavit on January 16, 2021. The Debtor's January 2021 affidavit confirms that the Debtor had an interest as beneficiary of the trust when he filed his bankruptcy petition on November 14, 2019. Doc. 29-2 at 24. The Affidavit, signed by James Wander, states in part:

> 2. I am a beneficiary pursuant to the terms of The Wander Family Trust, dated January 1, 1999 (the "Trust").
>
> 3. It is my understanding that pursuant to the terms of the Trust, I may have a one-third interest in the real property located at 5331 Mohawk St., Zephyrhills, Florida . . .
>
> 4. In consideration for the loving care my sister, Teri Warren, provided for our mother until the time of her death, I surrender any interest I have in the Property to my sister.

**D. Procedural Background**

Plaintiff contends that in light of Defendant's attempts to keep the Mohawk Property out of reach of the Debtor's bankruptcy estate, he was forced to file this suit to enforce the estate's rights as a beneficiary of the Wander Trust. Doc. 28 at 6. He filed this action on November 5, 2021, asserting seven counts: (1) Claim for Overdue Distribution under Fla. Stat. § 736.0506(2); (2) Breach of Fiduciary Duty; (3) Accounting; (4) Avoidance of Constructively Fraudulent Transfers pursuant to Fla.

Stat. §§ 726.105(1)(b), 726.106(1), & 726.108; (5) Avoidance of Actually Fraudulent Transfers pursuant to Fla. Stat. §§ 726.105(1)(a), 726.106(2), & 726.108; (6) Constructive Trust; and (7) Quiet Title. Doc. 1 ¶¶ 24–83.

Defendant, representing herself, filed an answer on December 16, 2021. Doc. 15. In the handwritten portion of her answer subtitled "Asserting Affirmative Defenses to the Claims for Relief," she wrote that "my brother Jim told me to keep house in 2003,"[3] "In 2003 Jimmy told me to keep living in the house + I relied on him telling me that,"[4] "I believe the alleged issues were in 2003 and now its 2021!,"[5] "I think statute 736.1008 limits the ability of them to sue me for all alleged old allegations if I read right,"[6] and "Jimmy told me to keep house because he wanted me to have it."[7] *Id.* at 3–5.

Since then, Defendant has filed nothing in this case. Plaintiff filed the instant motion for summary judgment (Doc. 28), together with: (1) the Declaration of Jeffrey A. Weinman (and exhibits); (2) the Declaration of Matthew B. Hale (and exhibits); (3) the Declaration of Hilda Portales Sills (and exhibits); and (4) the transcript of an August 8, 2022, Deposition of James Michael Wander (and exhibits). *See* Docs. 29-1, 29-2, 29-3, 29-4. Defendant failed to respond to the motion. The Court issued an Order on September 5, 2023, directing Defendant to file a response on or before September

---

[3] This sentence was included in the portion of the form indicating that Defendant asserted an "accord and satisfaction" affirmative defense. Doc. 15 at 3.

[4] This sentence was included in the space for an estoppel affirmative defense. *Id.* at 4.

[5] Included in the space for a Laches (Delay) affirmative defense. *Id.*

[6] Included in the space for a statute of limitations affirmative defense. *Id.* at 5

[7] Included in the space for a waiver affirmative defense. *Id.*

19, 2023, and notifying her that failure to file a response would result in the Court treating Plaintiff's motion as unopposed. Doc. 36. Defendant did not respond.

## II.   LEGAL STANDARD

As a threshold matter, although the instant motion for summary judgment is unopposed, the Court is nevertheless obligated to determine whether Plaintiff is entitled to judgment on the merits. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.,* 363 F.3d 1099, 1101 (11th Cir. 2004). Accordingly, despite Defendant's failure to respond to this motion, the Court has reviewed the record and submissions to ascertain whether a genuine issue of material fact exists as to any claims. *Id.* at 1103 n.6.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing that there is a genuine issue of material fact. *Id.*

at 324. Issues of fact are "genuine only if a reasonable jury, considering the evidence present, could find for the nonmoving party," and a fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). In determining whether a genuine issue of material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. *Celotex*, 477 U.S. at 323. However, a party cannot defeat summary judgment by relying upon conclusory allegations. *See Hill v. Oil Dri Corp. of Ga.*, 198 F. App'x 852, 858 (11th Cir. 2006).

On summary judgment, a defendant bears the initial burden of establishing her affirmative defenses. *See Blue Cross & Blue Shield of Alabama v. Weitz*, 913 F.2d 1544, 1552 (11th Cir. 1990); *FDIC v. Attorneys' Title Ins. Fund, Inc.,* 12-23599-CIV, 2015 WL 11784950, at *7 (S.D. Fla. Mar. 11, 2015) (holding that a defendant opposing summary judgment must raise affirmative defenses with the Court in a response to create an issue of material fact).

## III.   DISCUSSION

### Defendant's Ability to Appear Pro Se as "Successor Trustee of the Wander Living Trust"

Plaintiff sues Defendant both in her individual capacity and as Successor Trustee of the Wander Living Trust. Doc. 1 at 1. Defendant filed an answer *pro se* (Doc. 15), which the Court construes as having been filed in her individual capacity. Caselaw suggests that Defendant, a nonlawyer, is prohibited from filing pro se

pleadings in this matter as a successor trustee of the Wander Living Trust.  The Eleventh Circuit has noted that "[a] trustee represents the interests of others and would therefore be engaged in the unauthorized practice of law if allowed to appear pro se as a nonlawyer." *J.J. Rissell, Allentown, PA Tr. v. Marchelos,* 976 F.3d 1233, 1236 (11th Cir. 2020) (citing *EHOF Trust v. S & A Capital Partners, Inc.,* 947 So.2d 606 at 606–607 (Fla. 4th DCA 2007)); *see also Chase Bank USA, N.A. v. Jacucci et al.,* No. 19-CV-62318, 2020 WL 10229080, at *1 (S.D. Fla. Jan. 17, 2020). Other courts have also found "no reason to make a distinction between a trust and a corporation for purposes of the right to self-representation under § 1654." *United States v. Lena,* No. 05-80669-CIV, 2007 WL 4578336, at *1 (S.D. Fla. Dec. 27, 2007).  Similarly, other Circuits have determined that a trustee must be represented by counsel. *See Knoefler v. United Bank of Bismarck,* 20 F.3d 347, 347–48 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States.").

As a result, Defendant has only answered this matter in her individual capacity. To the extent Defendant has been sued as successor trustee of the Wander Living Trust, no answer has been filed. Therefore, Plaintiff's Motion for Summary Judgment will be deferred as to the claims against Defendant in her capacity as successor trustee. The Court, by separate order, will give Defendant thirty (30) days to obtain counsel to represent her in her capacity as Successor Trustee of the Wander Trust. If no counsel appears in this case, Plaintiff may file a motion for a clerk's default against Defendant

in her capacity as Successor Trustee and a motion for default judgment in order to obtain relief against her in that capacity. *See* Fed. R. Civ. P. 55.

**Jurisdiction**

The Court has jurisdiction over this case under 28 U.S.C. § 1334(b), which provides that "[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." "[A] lawsuit falls within the bankruptcy court's 'related to' jurisdiction if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Smalis*, 684 F. App'x 109, 112 (3rd Cir. 2017) (citing *Pacor Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir. 1984) (citation omitted); *see also In re Quigley Co., Inc.,* 676 F.3d 45, 53 (2nd Cir. 2012) (providing identical test in the Second Circuit). Stated differently, "an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* (citation omitted). "Conceivability is determined at the time the lawsuit is filed." *Id.* (citation omitted). The Eleventh Circuit has adopted the "conceivable effect" test. *See In re Fundamental Long Term Care, Inc.,* 873 F.3d 1325, 1336 (11th Cir. 2017) ("We have indicated our agreement with [the conceivable effect] principle.")

Here, as Plaintiff argues, the conceivable effect test is satisfied because the outcome of this action could conceivably (and almost certainly would) effect the

Bankruptcy Estate, in that any recovery by Plaintiff in this action would augment the Estate and increase creditor recovery. Doc. 1 ¶ 7.

### Count I – Overdue Distribution

Plaintiff, as trustee of the Debtor's bankruptcy estate, seeks an overdue distribution from the Wander Trust pursuant to Fla. Stat. § 736.0506(2) in Count I. Doc. 1 at 6–7. The provision provides that, although a spendthrift clause in a trust may protect a debtor's right to receive future or ongoing distributions, such a clause does not impede a debtor's beneficiary, creditor, or assignee from reaching a mandatory and overdue distribution from a trust. Fla. Stat. § 736.0506; *see also Miller v. Kresser*, 34 So. 3d 172, 175 (Fla. 4th DCA 2010) ("[W]hen a trust requires mandatory distributions to a beneficiary, a creditor or assignee of the beneficiary may reach those distributions if the trustee has not made them within a reasonable time after the designated distribution date.").

As Plaintiff acknowledges (Doc. 28 at 10), there is no Florida authority interpreting this statutory provision. Moreover, there does not appear to be a cause of action for "overdue distribution" in Florida. Nor, from what the Court could find, are there any published state or federal court opinions that reference such a cause of action. Plaintiff cites several bankruptcy cases where "courts in other jurisdictions have interpreted identical provisions and determined that a debtor's right to an overdue distribution is property of the Debtor's bankruptcy estate and is subject to turnover." However, none of those cases involved Florida law or a cause of action for "overdue distribution." *See In re Hilgers*, 371 B.R. 465, 471 (B.A.P. 10th Cir. 2007); *In re Dodart*,

577 B.R. 406, 411–12 (Bankr. D. Utah 2017); *In re Waters*, 252 B.R. 163, 166–67 (Bankr. E.D. Mo. 2000). Thus, Plaintiff's motion for summary judgment will be denied as to this Count. The Court will consider a request for overdue distribution as a remedy for one of the counts on which Plaintiff prevails.

### Count II – Breach of Fiduciary Duty/Breach of Trust

Count II, a claim for breach of fiduciary duty (also called breach of trust in the trust context), asks for damages "equal to [the Debtor's] 1/3 share of rent the Defendant should have paid during the 18 years since the death of Gene Wander, totaling not less than $70,521.79." Doc. 1 at 9. Plaintiff claims that Defendant's failure to distribute a 1/3 share of the Mohawk Property to the Debtor and her use and enjoyment of the Mohawk property constituted a breach of trust. Doc. 1 at 7–9; Doc. 28 at 12–14.

The Florida Trust Code provides that "[u]pon acceptance of a trusteeship, the trustee shall administer the trust in good faith, in accordance with its terms and purposes and the interests of the beneficiaries, and in accordance with this code." Fla. Stat. § 736.0801. "[A] violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust." *Id.* § 736.1001(1). The elements of a claim for breach of trust or fiduciary duty under Florida law are: "(1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach." *Treco Int'l S.A. v. Kromka*, 706 F. Supp. 2d 1283, 1288 (S.D. Fla. 2010). *See also Gracey v. Eaker,* 837 So. 2d 348, 353 (Fla. 2002) ("[t]he elements of a claim for breach of fiduciary duty

are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages.").

On the record before the Court, Plaintiff has adequately established each of the elements of his breach of trust claim. As there is no genuine issue of material fact on any element of the claim, the Court will grant Plaintiff's motion for summary judgment as to Count II. Defendant, as successor-trustee of the Wander Trust, had a fiduciary duty to "administer the trust in good faith, in accordance with its terms and purposes and the interests of the beneficiaries." Fla. Stat. § 736.0801. According to Plaintiff's declaration, and as supported by the record, Defendant breached that duty by: (a) failing to make the mandatory distribution to the Debtor of the 1/3 interest in the Mohawk Property within a reasonable time after Gene Wander's death; (b) failing to distribute the 1/3 interest in the Mohawk Property to the Plaintiff in response to Plaintiff's demand letter; and (c) purporting to transfer the Mohawk Property to herself in January 2021 after receiving the demand letter. Doc. 28-1 at 1–3. Plaintiff, standing in the shoes of the Debtor/Beneficiary James Michael Wander, has suffered damages due to Defendant's breach of trust, as an asset of the bankruptcy estate that could be liquidated to satisfy creditor claims was removed. *Id.* ¶ 13.

The Florida Trust Code lays out various remedies for breach of trust. Fla. Stat. § 736.1001(1). The Court may "Compel the trustee to redress a breach of trust by paying money or restoring property or by other means"; "Order a trustee to account"; and "Subject to s. 736.1016, void an act of the trustee, impose a lien or a constructive trust on trust property, or trace trust property wrongfully disposed of and recover the

property or its proceeds." *Id.* Plaintiff asks that the Court enter judgment against Defendant and in Plaintiff's favor: (a) voiding the Defendant's January 2021 transfer of the Mohawk Property into her own name, (b) compelling the Defendant to distribute a 1/3 interest to Plaintiff in the Mohawk Property, and (c) imposing a constructive trust over the Mohawk Property, under which the Defendant holds the 1/3 interest for the Plaintiff's benefit. The Court will grant Plaintiff some, but not all, of his requested relief.

First, based on Defendant's breach of trust, the Court will grant the request to void Defendant's January 2021 transfer of the Mohawk Property into her own name. Next, Defendant will be compelled to distribute a 1/3 interest to Plaintiff in the Mohawk Property.

However, the Court will not grant Plaintiff's request for the imposition of a constructive trust over the Mohawk Property at this juncture. A constructive trust is an equitable remedy designed to restore property to its rightful owner. *In re Cameron,* 359 B.R. 818, 822 (Bankr. M.D. Fla. 2006). Florida courts have held that, to establish a constructive trust, a plaintiff must prove four elements by clear and convincing evidence: 1) a promise, express or implied; 2) a transfer of property and reliance thereon; 3) a confidential relationship; and 4) unjust enrichment. *Provence v. Palm Beach Taverns, Inc.,* 676 So.2d 1022, 1025 (Fla. 4th DCA 1996). Plaintiff does not specifically discuss or cite to the record in support of these elements. Moreover, the money damages and other equitable relief granted to Plaintiff in other counts may serve to moot this request. After review of this Order, to the extent Plaintiff still seeks

imposition of a constructive trust, he may submit supplemental briefing within fourteen (14) days of this order in which he establishes by clear and convincing evidence his entitlement to and need for a constructive trust.

### Count III – Accounting

To begin with, "an accounting is best understood as a remedy for a cause of action, not as a cause of action in its own right." *Zaki Kulaibee Establishment v. McFliker,* 771 F.3d 1301, 1310 (11th Cir. 2014); *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.,* 151 F. Supp. 3d 1294, 1306 (M.D. Fla. 2015).

A party seeking an equitable accounting must show "the existence of a fiduciary relationship or a complex transaction and must demonstrate that the remedy at law is inadequate." *Kee v. Nat'l Reserve Life Ins. Co.,* 918 F.2d 1538, 1540 (11th Cir. 1990); *see also Landmark Equity Fund II LLC v. Residential Fund 76*, 631 Fed. Appx. 882, 885-86 (11th Cir. 2015) (describing it as "axiomatic that equitable relief is only available where there is no adequate remedy at law," and declining to award equitable relief to a party where "there is no indication that an award of damages . . . would be insufficient to vindicate" its rights) (quoting *Rosen v. Cascade Int'l*, 21 F.3d 1520, 1527 (11th Cir. 1994)); *see also Lake Tippecanoe Owners Ass'n Inc. v. Nat'l Lake Dev., Inc.*, 390 So.2d 185, 187 (Fla. 2nd DCA 1980) (holding that a court cannot exercise its equitable powers when plaintiff has an adequate remedy at law); *Rosen v. Rosen*, 167 So.2d 70, 72 (Fla. 3rd DCA 1964) (holding that the jurisdiction to grant equitable relief assumes there is no adequate remedy at law).

Plaintiff's motion for summary judgment will be denied to the extent he attempts to establish a claim for equitable accounting, as accounting is, generally, a remedy and not a claim for relief. *Blitz Telecom Consulting, LLC*, 151 F. Supp. 3d at 1307. Furthermore, Plaintiff has not established that there is no adequate remedy at law for this claim. As such, Plaintiff's motion for summary judgment will be denied as to Count III.  However, the Court will consider Plaintiff's request for an accounting as a remedy for one of the counts on which he prevails.

### Counts IV and V – Avoidance of Fraudulent Transfers

In Counts IV and V, Plaintiff seeks to avoid and recover fraudulent transfers that he claims satisfy both the "constructive" and "actual" fraud requirements of Section 726 of the Florida Uniform Fraudulent Transfer Act ("FUFTA"). Doc. 1 at 14–18.[8] First, Plaintiff argues that he, as trustee of the Debtor's bankruptcy estate, had a claim against Defendant for distribution of a 1/3 interest in the Mohawk Property, which constitutes a "claim" against the "debtor" under FUFTA. Doc. 28 at 15.

*Actually Fraudulent Transfer*

Next, Plaintiff argues that he has established each of the elements of an actually fraudulent transfer under FUFTA, and that numerous badges of fraud in this case indicate that the transfer of the Mohawk Property from the Wander Trust to the

---

[8] Plaintiff's Motion also argues that Defendant's transfer was a violation of the automatic stay and subject to avoidance for that reason. Doc. 28 at 14. The Court agrees.

Defendant, individually, was made with actual intent to hinder, delay, or defraud Plaintiff. Doc. 28 at 14–17.

To prevail on a fraudulent transfer claim under § 726.105(1)(a), a plaintiff must prove that (1) there was a creditor to be defrauded, (2) a debtor intending fraud, and (3) a conveyance or transfer of property which could have been applicable to the payment of the debt due. *Isaiah v. JPMorgan Chase Bank,* 960 F.3d 1296, 1302 (11th Cir. 2020) (citing *Wiand v. Lee,* 753 F.3d 1194, 1199-1200 (11th Cir. 2014)). "Because actual intent to defraud is difficult to prove, courts look to the totality of the circumstances and badges of fraud surrounding the allegedly fraudulent transfers." *In re Able Body Temp. Servs., Inc.,* 626 B.R. 643, 662 (Bankr. M.D. Fla. 2020). Fla. Stat. § 726.105(2) provides a non-exhaustive list of the badges of fraud that a court may consider in determining actual intent under § 726.105(1)(a).[9]

Plaintiff contends that at least seven of the statutory badges of fraud are present in this case. The Court agrees. First, the transfer was made to or for the benefit of an insider, as Defendant controlled the Wander Trust. Next, Defendant retained control

---

[9] The "badges of fraud" are: (a) the transfer or obligation was to an insider; (b) the debtor retained possession or control of the property transferred after the transfer; (c) the transfer or obligation was disclosed or concealed; (d) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (e) the transfer was of substantially all the debtor's assets; (f) the debtor absconded; (g) the debtor removed or concealed assets; (h) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (i) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (j) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (k) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor. Fla. Stat. § 726.105(2).

16

over the Mohawk Property following the transfer. Next, the transfer of the property was not disclosed to Plaintiff, despite his August 28, 2020, letter to Defendant. (Doc. 29-1 ¶ 12). Before the transfer was made, Defendant had been threatened with suit; specifically, Plaintiff sent correspondence to Defendant seeking to enforce the Bankruptcy Estate's rights as beneficiary of the Wander Trust five months prior. Next, at the time the transfer was made, the Mohawk Property comprised substantially all of the Wander Trust's remaining assets. *See* Doc. 29-3 at 7; Doc. 29-1 at 32. The value of the consideration received by the Wander Trust in return for the Mohawk Property was not reasonably equivalent to the value of the property—as Defendant paid virtually nothing to the Wander Trust. *See* Doc. 29-4 at 24, 104.[10] Finally, the Wander Trust became insolvent because of the transfer, because it still remained liable to Plaintiff for an overdue distribution but had no remaining assets.

The Court agrees that Plaintiff has established each of the preceding badges of fraud, and that there is no genuine issue of material fact that Defendant's transfer of the Mohawk Property constitutes an actual fraudulent transfer under FUFTA. The other elements of the claim: (1) that there was a creditor to be defrauded; and (2) a conveyance or transfer of property which could have been applicable to the payment of the debt due—have been met as well. Therefore, the Court will grant summary judgment for Plaintiff on this count.

---

[10] Plaintiff cites the Debtor's deposition and the unanswered Requests for Admission (which are deemed admitted) for the assertion that nothing was paid to the Trust. The quitclaim deed itself (Doc. 29-4 at 104), specifies that $10 was paid. Regardless, the Court agrees this is not reasonably equivalent value.

*Constructively Fraudulent Transfer*

Plaintiff similarly argues that the transfer is also avoidable as constructively fraudulent, because there is no dispute that: (a) the Defendant did not pay anything to the Wander Trust in exchange for deeding the Mohawk Property to herself, individually, and (b) the Wander Trust was left without any remaining assets after the transfer, but it remained liable for the overdue distribution to the Plaintiff.

Under Fla. Stat. § 726.106, a transfer is constructively fraudulent as to present and future creditors if the debtor made the transfer "without receiving a reasonably equivalent value in exchange," and the debtor was or became insolvent as a result of the transfer. *In re Able Body Temp. Servs., Inc.,* 626 B.R. at 656. As the factors are met, based on the same record evidence discussed *supra*, the Court agrees that summary judgment is due to be granted to Plaintiff on his claim that Defendant's transfer was constructively fraudulent, as well as actually fraudulent.

**Pre-Judgment Interest**

Citing *Lee*, 753 F.3d at 1204, and *Wiand v. Dancing $, LLC*, 578 F. Appx. 938, 947 (11th Cir. 2014), Plaintiff requests that the Court order Defendant to pay pre-judgment interest. Under *Lee*, "Florida courts [ ] award [ ] pre-judgment interest on [fraudulent transfer] claims and on unjust enrichment claims as a matter of course." 753 F.3d at 1205. Further, the factors discussed in *Blasland, Bouck & Lee v. City of N. Miami*, 283 F.3d 1286, 1297–98 (11th Cir. 2002), weigh in favor of awarding pre-judgment interest here. In determining whether to award prejudgment interest or to

reduce the amount of prejudgment interest awarded, a court must consider three factors:

> (1) in matters concerning government entities, whether it would be equitable to put the burden of paying interest on the public in choosing between innocent victims; (2) whether it is equitable to allow an award of prejudgment interest when the delay between injury and judgment is the fault of the prevailing party; (3) whether it is equitable to award prejudgment interest to a party who could have, but failed to, mitigate its damages.

> *Wiand,* 578 F. App'x 938, 947.

In this case, none of the factors weigh against an award of pre-judgment interest. To the contrary, the delay between injury and judgment is the fault of Defendant, and Defendant could have, but failed to, mitigate her damages. Therefore, the Court finds that an award of prejudgment interest is appropriate in this scenario.

### Count VI – Constructive Trust

As a preliminary matter, Count VI (titled "Constructive Trust,") is not a cause of action. *See also Omnia Med., LLC v. PainTEQ, LLC,* No. 8:22-CV-145-VMC-TGW, 2022 WL 3139241, at *3 (M.D. Fla. Aug. 5, 2022). A constructive trust is a remedy. *See Lee v. Wiand,* 603 B.R. 161, 175 (M.D. Fla. 2018) ("A constructive trust is a remedy which equity applies in order to do justice." (quoting *Wadlington v. Edwards,* 92 So. 2d 629, 631 (Fla. 1957))); *see also Bernardele v. Bonorino,* 608 F. Supp. 2d 1313, 1328 (S.D. Fla. 2009) ("A constructive trust ... is imposed by operation of law as an equitable remedy[.]" (citations omitted)). Therefore, Plaintiff's motion for summary judgment will be denied as to Count VI. However, the Court will consider the imposition of a constructive trust as a remedy for one of the claims on which Plaintiff prevails.

**Count VII – Quiet Title**

In this count, Plaintiff seeks a judgment quieting title to the Mohawk Property in the name of the Wander Trust, subject to the obligations of the trust to distribute the trust assets to its beneficiaries, including Plaintiff as successor-in-interest to the Debtor. Doc. 1 ¶¶ 77–79. To state a valid claim for quiet title under Florida law, a plaintiff must allege that: "(1) [he or she] has title to the Subject Property; (2) there is a cloud on that title; and (3) the cloud—that is, the defendant's claim to the title—is invalid." *Sliptchuik v. ING Bank, FSB,* No. 6:13-CV-460-JA-GJK, 2013 WL 4596951, at *2 (M.D. Fla. Aug. 28, 2013) (citing *Stark v. Frayer,* 67 So.2d 237, 239 (Fla. 1953)).

Plaintiff's motion asserts that he, standing in place of the Debtor, is legally entitled to 1/3 interest in the Mohawk Property and has a clear equitable interest in the property. Doc. 28 at 19. Further, Defendant's fraudulent transfer to herself has placed a cloud on the title, and such cloud is invalid. *Id.* The Court agrees with Plaintiff that there is no genuine dispute of material fact as to any of the elements of this claim. As described above, Plaintiff is entitled to a 1/3 share of the Mohawk Property and there is a cloud on his title because Defendant fraudulently transferred the property to herself. Therefore, Plaintiff's request for summary judgment on this count will be granted. However, Plaintiff's request for attorney's fees related to this count and all other counts is denied without prejudice.[11]

---

[11] Plaintiff must comply with the Middle District of Florida's bifurcated procedure on moving for attorney's fees and expenses, which is contained in Local Rule 7.01. *See* M.D. Fla. R. 7.01.

**Affirmative Defenses**

Finally, as noted above, Defendant's answer mentioned several affirmative defenses, dedicating a short and conclusory sentence to each one. Defendant's brief description of these affirmative defenses in her answer, without citation to law or evidence, is far from enough to create a genuine issue of material fact. If Defendant believed that any of her affirmative defenses were applicable and created an issue of material fact precluding summary judgment, Defendant had the duty to raise it with the Court. *See Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1264 (11th Cir. 2001) (it is "incumbent [on the non-moving party] ... to respond [to a motion for final summary judgment] by, at the very least, raising in their opposition papers any and all arguments or defenses they felt precluded judgment in Plaintiffs' favor"). Defendant failed to do so here, and for the reasons discussed above, summary judgment is due to be granted in favor of Plaintiff. *FDIC v. Attorneys' Title Ins. Fund, Inc.,* No. 12-23599-CIV, 2015 WL 11784950, at *7 (S.D. Fla. Mar. 11, 2015)

Accordingly, for the reasons stated above, it is **ORDERED** that:

1.    Plaintiff Jeffrey A. Weinman's Motion for Summary Judgment (Doc. 28) is **GRANTED in part and DENIED in part.**

2.    Plaintiff's Motion is **DEFERRED** to the extent he seeks summary judgment against Defendant in her capacity as successor trustee.

3.      Summary Judgment on Counts I ("Overdue Distribution"), III ("Accounting"), and VI ("Constructive Trust") is **DENIED.** The Court will consider these counts as requests for remedies as to the counts on which Plaintiff prevailed.

4.      Summary Judgment on Counts II ("Breach of Fiduciary Duty"); IV ("Avoidance of Constructively Fraudulent Transfers"); V ("Avoidance of Actually Fraudulent Transfers"); and VII ("Quiet Title") is **GRANTED** in favor of Plaintiff.

5.      As Plaintiff is not entitled to duplicative relief, the Court will schedule a status conference to discuss the remedies/relief Plaintiff seeks on Counts II, IV, V, and VII. The status conference will be scheduled by separate order.

6.      A summary judgment will be entered by separate order, after the status conference.

**DONE** and **ORDERED** in Tampa, Florida on September 29, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties