UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY A. WEINMAN,

    Plaintiff,

v.                                          CASE NO. 8:21-cv-2604-CEH-TGW

TERRI LYN WARREN,
both as Success Trustee of
The Wander Living Trust
dated October 12, 1994 and in her
individual capacity,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

        This cause came on for consideration upon the plaintiff, Jeffrey A. Weinman's, Motion for Final Default Judgment Against Terri Lyn Warren, As Successor Trustee Of The Wander Living Trust Dated October 12, 1994 (Doc. 46), which has been referred to me for a report and recommendation by United States District Judge Charlene E. Honeywell.

        For the reasons stated, I recommend that the motion be granted, except that the plaintiff not be awarded prejudgment interest given that he has not provided a specific amount of interest requested.

1

I.

In this matter, the plaintiff, Jeffrey A. Weinman, as Chapter 7 Trustee of the bankruptcy estate ("the bankruptcy estate") of James Michael Wander ("the Debtor"), filed a seven-count complaint against Terri Lyn Warren,[1] both individually and in her capacity as successor trustee of The Wander Living Trust dated October 12, 1994 ("the Wander Trust") (see Doc. 1).

In November 2019, the Debtor filed a chapter 7 bankruptcy case in the United States Bankruptcy Court for the District of Colorado (id., p. 2, ¶2). Upon the commencement of the bankruptcy case, the plaintiff was appointed as trustee over the bankruptcy estate (id., p. 3, ¶10). Thus, in that role, the plaintiff is responsible for collecting the property of the estate and then reducing the property to money to be distributed (id., p. 4, ¶17; Doc. 37, p. 2).

As of the filing of the bankruptcy case, the Debtor was a beneficiary under the Wander Trust (Doc. 1, p. 4, ¶12). Gene Wander was the initial trustee under the Wander Trust and the defendant, Terri Lyn

---

[1] Notably, there appear to be different spellings of the defendant's name. Thus, this order uses her name as spelled in the trust document (see Doc. 1-1).

2

Warren, was the "first successor trustee" ("successor trustee") (id., ¶¶13–14). On June 9, 1996, Gene Wander deeded the real property at issue in this matter, 5331 Mohawk Street, Zephyrhills, FL 33542 ("the Mohawk Property") (id., ¶15).

On October 1, 2003, Gene Wander passed away (id., ¶16). Pursuant to the terms of the Wander Trust, the defendant then served as the successor trustee following Gene Wander's death (id., ¶17). The Wander Trust provides that, upon Gene Wander's death, the defendant was to distribute all of the assets of the Wander Trust equally to herself, Stephen Wander, and the Debtor, James Wander (id.). However, the defendant never liquidated the Mohawk Property, an asset of the Wander Trust, nor did she distribute the Debtor's one-third share of the Mohawk Property to the Debtor (id., ¶18). Moreover, the defendant has resided at the Mohawk Property since Gene Wander's death, without paying any rent to the other beneficiaries as compensation for her use of the property (id., p. 5, ¶20).

On August 28, 2020, the plaintiff sent a demand letter to the defendant regarding the Debtor's interest in the Wander Trust, including the Mohawk Property (id., ¶21). In that letter, the plaintiff offered for the defendant to purchase the bankruptcy estate's one-third interest (Doc. 37, p.

3

3). Instead of purchasing that interest, the defendant on January 28, 2021, executed a quitclaim deed that transferred title of the Mohawk Property from the Wander Trust to herself, individually (Doc. 1, p. 5, ¶22). This lawsuit occurred shortly thereafter, when the plaintiff filed a complaint in November 2021 against the defendant, both individually and in her capacity as successor trustee of the Wander Trust (see Doc. 1).

The complaint filed by the plaintiff contains seven counts: (1) Claim for Overdue Distribution under Fla. Stat. § 736.0506(2); (2) Breach of Fiduciary Duty; (3) Accounting; (4) Avoidance of Constructively Fraudulent Transfers pursuant to Fla. Stat. §§ 726.105(1)(b), 726.106(1), & 726.108; (5) Avoidance of Actually Fraudulent Transfers pursuant to Fla. Stat. §§ 726.105(1)(a)–(b), 726.106(1)–(2), & 726.108; (6) Constructive Trust; and (7) Quiet Title (see id., pp. 6, 7, 10, 11, 13, 16, 18). The defendant, appearing pro se, filed an answer to the complaint (see Doc. 15). Thereafter, the defendant made no other filings.

The plaintiff then filed a Motion for Summary Judgment (Doc. 28), to which the defendant never responded. United States District Judge Charlene Edwards Honeywell issued an order granting the motion for summary judgment in part (see Doc. 37). Importantly, as a threshold issue,

4

Judge Honeywell determined that the defendant could only represent herself individually and is "prohibited from filing pro se pleadings in this matter as a successor trustee of the Wander Living Trust" (id., pp. 7–8). This meant that only the defendant, individually, had filed an answer to the complaint in the matter. Thus, Judge Honeywell held that the motion for summary judgment was deferred as to the claims against the defendant in her capacity as successor trustee (id., p. 8).

Accordingly, dealing with summary judgment of the claims as to the defendant in her individual capacity only, Judge Honeywell granted summary judgment as to some counts, but not others. Thus, Judge Honeywell denied counts: (1) Claim for Overdue Distribution under Fla. Stat. § 736.0506(2); (3) Accounting; and (6) Constructive Trust (Doc. 37, p. 22). Further, Judge Honeywell granted counts: (2) Breach of Fiduciary Duty; (4) Avoidance of Constructively Fraudulent Transfers pursuant to Fla. Stat. §§ 726.105(1)(b), 726.106(1), & 726.108; (5) Avoidance of Actually Fraudulent Transfers pursuant to Fla. Stat. §§ 726.105(1)(a), 726.106(2), & 726.108; and (7) Quiet Title (id.). Thereafter, Judge Honeywell issued an additional order directing the defendant to retain counsel to represent her in her capacity as successor trustee within 30 days (Doc. 38). In that order,

5

Judge Honeywell further stated that if the defendant failed to obtain counsel, the plaintiff would be permitted to file a motion for clerk's default against the defendant in her capacity as successor trustee (id.).

The defendant did not retain counsel as ordered by Judge Honeywell. Thus, the plaintiff filed a Motion for Clerk's Entry of Default (Doc. 41), and the Clerk subsequently entered default as to the defendant in her capacity as successor trustee (see Doc. 45). Thereafter, a status conference occurred via Zoom to discuss the remedies and relief sought by the plaintiff as to the successful counts (see Doc. 44). The defendant did not appear for the status conference. Further, although the court was able to contact the defendant, she stated she was unable to appear remotely for the conference due to an illness (see id.).

As indicated, the various remedies sought by the plaintiff were discussed at the conference. Thus, plaintiff's counsel stated that the plaintiff would not seek the damages claims since Judge Honeywell granted the relief requested of voiding the defendant's transfer and quieting title. Plaintiff's counsel also indicated that in the forthcoming motion for default, the plaintiff would request that: (1) the transfer from the trust to the defendant of the Mohawk Property be voided; (2) that the defendant be compelled to transfer

6

the one-third interest of the estate to the plaintiff, so that the plaintiff is the owner of the one-third interest of the bankruptcy estate; and (3) that the plaintiff be awarded prejudgment interest, which was to be specified. As discussed below, the plaintiff iterated these requests in the motion for default judgment, except that the amount of prejudgment interest was not specified.

After the status conference, the plaintiff filed the present Motion for Default Judgment (Doc. 46) as to the defendant in her capacity as successor trustee. Notably, the plaintiff only seeks default as to the claims that Judge Honeywell granted in her order granting in part the plaintiff's motion for summary judgment. Thus, the plaintiff "is not seeking additional relief against [d]efendant over and above the relief already granted to [p]laintiff as against Ms. Warren individually" (id., p. 9).

II.

Pursuant to Rule 55(b)(2), Fed.R.Civ.P., a party may seek from the court a default judgment for the amount of the damages caused by the defaulting party. Here, the plaintiff does not seek an award of monetary damages. Rather, the plaintiff seeks that default be entered: (1) against the defendant as to counts II, IV, V, and VII; (2) that the defendant's January 2021 transfer of the Mohawk Property be voided; (3) that the defendant be

7

compelled to distribute a one-third interest in the Mohawk Property to the plaintiff; (4) quieting title to the Mohawk Property, such that the plaintiff owns a one-third interest in the property and the remaining two-third interest is owned by the Wander Trust; (5) and that prejudgment interest be awarded to the plaintiff (Doc. 46, p. 20).

The Eleventh Circuit discussed the standards governing entry of default judgment in Surtain v. Hamlin Terrace Foundation, 789 F.3d 1239, 1244–45 (11th Cir. 2015):

> When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed.R.Civ.P. 55(b)(2). Because of our "strong policy of determining cases on their merits," however, default judgments are generally disfavored. In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003). "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir.2005) .... Entry of default judgment is only warranted when there is "a sufficient basis in the pleadings for the judgment entered." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).
>
> ... [W]e have ... interpreted the standard as being akin to that necessary to survive a motion to dismiss for failure to state a claim. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n. 41

(11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.")

....

When evaluating a motion to dismiss, a court looks to see whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 ... (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 ... (2007)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556 ...).

Furthermore, "'[w]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" System Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY, 242 F.3d 322, 324 (5th Cir. 2001). As set forth by the plaintiff and Judge Honeywell, the court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1334(b) (see Doc. 37, p. 9; Doc. 46, p. 8). Further, the plaintiff has established that this court has personal jurisdiction over the defendant (Doc. 46, pp. 8–9).

III.

As indicated, the plaintiff seeks default judgment only as to the

9

counts on which Judge Honeywell granted summary judgment.

1. Count II: Breach of Fiduciary Duty

The plaintiff asserts that the "[d]efendant's conduct results in liability for breach of fiduciary duty," also known as a "breach of trust" in this context (id., p. 10). Notably, the plaintiff seeks the same relief already granted by Judge Honeywell and, further, the analysis already conducted by Judge Honeywell in her order on the motion for summary judgment is the same here.

Thus, the Florida Trust Code states that "[u]pon acceptance of a trusteeship, the trustee shall administer the trust in good faith, in accordance with its terms and purposes and the interests of the beneficiaries, and in accordance with this code." Fla. Stat. § 736.0801. "A violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust." Id. § 736.1001(1).[2] Further, the elements for a claim of breach of fiduciary duty under Florida law are: "(1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach." Treco International S.A. v. Kromka, 706 F. Supp. 2d 1283, 1288 (S.D. Fla. 2010)

---

[2] "Successor trustee" is included in the definition of "trustee." See Fla. Stat. § 736.0103(27).

10

(internal citation omitted).

Similar to the plaintiff's motion for summary judgment, the plaintiff again sets forth sufficient facts to show that the elements are satisfied (see Doc. 28, pp. 12–14). Thus, the plaintiff, as successor trustee, clearly had a fiduciary duty to "administer the trust in good faith, in accordance with its terms and purposes and the interests of the beneficiaries." Fla. Stat. § 736.0801; (see also Doc. 46, p. 11). As stated by Judge Honeywell, the defendant breached that duty by (1) failing to make the mandatory distribution to the Debtor of the one-third interest in the Mohawk Property within a reasonable time after Gene Wander's death, (2) failing to distribute the one-third interest in the Mohawk Property to the plaintiff in response to the demand letter sent by the plaintiff, and (3) in response to the demand letter, transferring the Mohawk Property to herself in January 2021 (Doc. 37, p. 12). Finally, the plaintiff has suffered damages from this breach of trust, namely that the Mohawk Property has been removed from the "Debtor's bankruptcy estate that could be liquidated to satisfy creditor claims" (Doc. 46, p. 12; Doc. 29-1, p. 3, ¶13).

The Florida Trust Code sets forth various remedies for a breach of trust. See Fla. Stat. § 736.1001(2). Thus, the court may (2)(c) "[c]ompel

11

the trustee to redress a breach of trust by paying money or restoring property or by other means"; (2)(d) [o]rder a trustee to account"; (2)(i) "[s]ubject to s. 736.1016, void an act of the trustee, impose a lien or a constructive trust on trust property, or trace trust property wrongfully disposed of and recover the property or its proceeds." Id.

Notably, the remedies sought by the plaintiff "mirrors the relief already granted in the Court's Summary Judgment Order" (Doc. 46, p. 12).[3] Thus, the plaintiff requests that the court, as part of entering judgment against the defendant and in the plaintiff's favor, void the defendant's January 2021 transfer of the Mohawk Property to herself and compel the defendant to distribute a one-third interest in the Mohawk Property to the plaintiff (id.). Given that this relief was already granted by Judge Honeywell, as to the defendant in her individual capacity, I recommend that this relief be granted now as to the plaintiff in her capacity as successor trustee (Doc. 37, p. 13).[4]

2. <u>Counts IV and V: Avoidance of Fraudulent Transfer</u>

The plaintiff seeks judgment against the defendant, in her

---

[3] The plaintiff does not request the relief that the court impose a constructive trust over the Mohawk Property, as previously requested in his motion for summary judgment. That request was denied by Judge Honeywell (see Doc. 37, p. 13–14).

[4] While the result may, in fact, be duplicative, I recommend that it nonetheless be granted.

12

capacity as successor trustee, voiding the transfer of the Mohawk Property to herself, individually, from the Wander Trust (Doc. 46, p. 13). Thus, the plaintiff states that "[a]lthough the relief in Counts IV and V is primarily directed at Ms. Wander, individually, as the transferee of the fraudulent transfer, Plaintiff also seeks judgment against Defendant, as successor trustee, voiding the fraudulent transfer" (id.).

The plaintiff states that Gene Wander passed away on October 1, 2003 (Doc. 1, p. 4, ¶16). The Wander Trust provided that, upon Gene Wander's death, the defendant as the successor trustee was to distribute the assets of the Wander Trust, including the Mohawk Property (id., ¶17). When the defendant failed to do so, the plaintiff sent her a demand letter on August 28, 2020 (id., p. 5, ¶21). In response to the demand letter, instead of distributing the Mohawk Property or purchasing the bankruptcy estate's one-third interest, she instead transferred title of the Mohawk Property from the Wander Trust to herself by way of quitclaim deed (id., ¶22; see also Doc. 46, p. 13). The plaintiff asserts that the transfer was fraudulent because it violated the automatic stay issued by the bankruptcy court and, further, that the transfer satisfies the constructive or actual fraudulent transfer requirements.

13

As an initial matter, it is unclear what the plaintiff means by "[a]lthough the relief in Counts IV and V is primarily directed at Ms. Wander, individually, as the transferee of the fraudulent transfer" (Doc. 46, p. 13). Further, the plaintiff provides legal research in a footnote indicating that "[m]any courts hold that a transferor of a fraudulent transfer is not a necessary party to a fraudulent transfer claim and that only the transferee need to be named as a defendant" (id., p. 13, n.6) (citations omitted). Thus, it appears that the transferee of the fraudulent transfer is the defendant, in both her individual capacity and in her capacity as the successor trustee, not Ms. Wander.[5] Further, these issues did not appear to be raised in the plaintiff's motion for summary judgment before Judge Honeywell, which ultimately was only as to the defendant in her individual capacity (see Docs. 28, 37).

Irrespective, the analysis and relief should, again, be the same as that conducted by Judge Honeywell. Thus, Judge Honeywell determined that, as the plaintiff contended at summary judgment, the defendant's transfer was a violation of the automatic stay imposed by the bankruptcy court and subject to avoidance for that reason alone (see Doc. 37, p. 15, n.8).

---

[5] Instead of "Ms. Wander" perhaps the plaintiff intended to state "Ms. Warren."

She further found that the transfer satisfied the elements of both an actual fraudulent transfer and a constructive fraudulent transfer (id., pp. 15–18). Accordingly, she granted summary judgment as to these claims, albeit only as to the defendant in her individual capacity (id., pp. 21, 22). However, there does not appear to be any case law that indicates the analysis is different now that the plaintiff seeks default judgment as to the claims against the defendant in her capacity as successor trustee. Thus, the defendant committed a fraudulent transfer of the Mohawk Property while acting as successor trustee. Accordingly, I recommend that default judgment be granted as to counts IV and V against the defendant in her capacity as successor trustee.

The defendant further requests that the transfer be voided. Notably, this relief is duplicative given the fact that it is the same relief requested for count II, and it was also granted by Judge Honeywell as to the defendant in her individual capacity. Despite this, I recommend that the relief be granted.

3. <u>Count VII: Quiet Title</u>

The plaintiff requests that default judgment be entered against the defendant in her capacity as successor trustee as to count VII for quiet

15

title (Doc. 46, p. 18). As stated by the plaintiff, "[t]o state a valid claim for quiet title under Florida law, Plaintiff must allege: (1) the Plaintiff has title to the Subject Property; (2) there is a cloud on that title; and (3) the cloud is invalid" (id.) (quoting Rodriguez v. Bank of America, N.A., 49 F. Supp. 3d 1154, 159 (S.D. Fla. 2014).

Judge Honeywell found previously that the plaintiff's facts satisfy these elements. Thus, the plaintiff states that he is entitled to a one-third interest in the Mohawk Property (Doc. 1, p. 6, ¶27). Further, there is an invalid cloud on the title of the Mohawk Property due to the defendant's invalid transfer in her capacity as successor trustee (id., p. 18, ¶80). Accordingly, I recommend that default judgment be entered as to this count against the defendant in her capacity as successor trustee.

4. <u>Prejudgment Interest</u>

The plaintiff renewed his request for prejudgment interest. As stated by the plaintiff, this request was previously granted by Judge Honeywell and, notably, the plaintiff is entitled to prejudgment interest at this stage as well. However, the plaintiff has not set forth a specific amount that he requests for prejudgment interest. As indicated, the plaintiff appeared to state that he would set forth a specific amount in this motion. Thus, I

16

recommend that the plaintiff not be awarded prejudgment interest because no amount has been specified.

5.  Attorney's Fees and Costs

Finally, the plaintiff states that he intends to seek an award of reasonable attorneys' fees and costs. As stated by the plaintiff, that process is governed by Local Rule 7.01. While the plaintiff requests that the court reserve jurisdiction to award attorneys' fees and costs, a reservation is not necessary. Thus, the plaintiff need only follow the appropriate Local Rules in any subsequent motion for attorneys' fees and costs.

IV.

For the foregoing reasons, I recommend that Jeffrey A. Weinman's, Motion for Final Default Judgment Against Terri Lyn Warren, As Successor Trustee Of The Wander Living Trust Dated October 12, 1994 (Doc. 46) be granted, but only to the extent that:

1. Default judgment be entered against the defendant, her capacity as successor trustee, on counts II, IV, V, and VII.

2. That the defendant's January 2021 transfer of the Mohawk Property into her own name, individually, be voided.

3. That the defendant be compelled to distribute a one-third

17

interest in the Mohawk Property to the plaintiff.

4. That title be quieted on the Mohawk Property such that a one-third interest in Mohawk property is owned by the plaintiff and the remaining two-third interest in Mohawk Property is owned by the Wander Trust.

5. However, I recommend that the plaintiff's request for prejudgment interest be denied since a specific amount was not provided.

Respectfully submitted,

*Thomas G. Wilson*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: August 5, 2024.

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.