UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY A. WEINMAN,

    Plaintiff,

v.                                    Case No: 8:21-cv-2604-CEH-TGW

TERRY LYNN WARREN, both as
Successor Trustee of The Wander Living
Trust dated October 12, 1994 and in her
individual capacity,

    Defendant.
_____ /

## **O R D E R**

    This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Thomas G. Wilson on August 5, 2024 (Doc. 47). In the Report and Recommendation, Magistrate Judge Wilson recommends that Plaintiff's Motion for Final Default Judgment Against Terri Lynn Warren, as Successor Trustee of The Wander Living Trust Dated October 12, 1994, be granted, except that the Plaintiff not be awarded prejudgment interest given that he has not provided a specific amount of interest requested. All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C.

    Upon consideration of the Report and Recommendation, and upon this Court's independent examination of the file, it is determined that the Report and

Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is now,

    **ORDERED AND ADJUDGED**:

(1) The Report and Recommendation of the Magistrate Judge (Doc. 47) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

(2) Plaintiff's Motion for Final Default Judgment Against Terri Lynn Warren, as Successor Trustee of The Wander Living Trust, Dated October 12, 1994, is **GRANTED**, but only to the extent that:

  (a) A Default Judgment will be entered against Defendant, Terry Lynn Warren, in her capacity as Successor Trustee, on Counts II, IV, V, and VII of the Complaint.

  (b) Defendant Terry Lynn Warren's January 2021 transfer of the Mohawk Property into her own name, individually, is voided.

  (c) Defendant Terry Lynn Warren shall distribute a one-third interest in the Mohawk Property to Plaintiff Jeffrey A. Weinman within twenty-one (21) days.

  (d) Title to the Mohawk Property is quieted such that a one-third interest in the Mohawk Property is owned by Plaintiff Jeffrey A. Weinman and the remaining two-third interest in the Mohawk Property is owned by The Wander Trust.

      (e) Plaintiff's request for prejudgment interest is **DENIED**, since a specific amount was not provided.

(3)    The Clerk is directed to enter a Default Judgment, as set forth in this Order, in favor of Plaintiff Jeffrey A. Weinman and against Terry Lynn Warren, as successor Trustee of The Wander Living Trust dated October 12, 1994.

**DONE AND ORDERED** at Tampa, Florida on August 27, 2024.

*[signature]*
Charlene Edwards Honeywell
United States District Judge

Copies to:
The Honorable Thomas G. Wilson
Counsel of Record