## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JEFFREY A. WEINMAN
as Chapter 7 Trustee,
    Plaintiff,

v.                                             Case No. 8:21-cv-2604-CEH-TGW

TERRY LYNN WARREN, both
as Successor Trustee of The Wander
Living Trust dated October 12, 1994 and
in her individual capacity,
    Defendant.

_____/

## REPORT AND RECOMMENDATION

The plaintiff, as Chapter 7 Trustee of the bankruptcy estate of James Michael Wander, filed a Supplemental Motion on Amount of Attorneys' Fees (Doc. 55). The plaintiff seeks an award of $36,180.00 in attorneys' fees and $1,848.84 in costs.

The plaintiff established that the hourly rate and the number of hours expended on this matter are reasonable. I therefore recommend that the uncontested Supplemental Motion on Amount of Attorneys' Fees (Doc. 55) be granted to the extent that the plaintiff be awarded attorneys' fees of $36,180.00, and $1,835.97 in taxable costs, to be satisfied from any distribution the defendant may be entitled as a beneficiary of the Wander

Living Trust.

I.

The facts of this case have been discussed in detail (see Docs. 37, 47). In summary, the plaintiff filed this lawsuit against Terry Lynn Warren individually and as successor trustee of The Wander Living Trust. He alleges, among other claims, that the defendant breached her fiduciary duty as to the distribution of a Florida property that is part of the Trust (Mohawk Property).

Specifically, debtor James Michael Wander is entitled to a mandatory distribution of a 1/3 share of the property, but the defendant did not liquidate the property, nor distribute the debtor's 1/3 share of the property, thereby violating her obligation under The Wander Living Trust.

In a comprehensive Order U.S. District Judge Charlene Edwards Honeywell granted the plaintiff's motion for summary judgment against the defendant, individually, as to three causes of action, including breach of fiduciary duty (Doc. 37). Additionally, the court entered Default Judgment against the defendant in her role as successor Trustee of the Wander Living Trust on the same claims (Docs. 48, 50). Final Judgment was entered accordingly (Doc. 52).

The plaintiff subsequently filed a Motion for Entitlement to

2

Attorney's Fees under Fla. Stat. §736.1004 (Doc. 51). The defendant, who could have proceeded pro se in her individual capacity, did not file a response to the motion. The court granted the motion (Doc. 54).

Thereafter, the plaintiff filed, in accordance with Local Rule 7.01, a Supplemental Motion on the Amount of Attorneys' Fees (Doc. 55). He seeks an award of $36,180.00 in attorneys' fees and $1,848.84 in costs The motion was referred to me. The defendant did not respond to this motion.

## II.

As indicated, the court determined that the plaintiff is entitled to an award of attorneys' fees and costs under Fla. Stat. §736.1004, which affords the prevailing party an award of attorneys' fees and costs incurred in prosecuting the breach of fiduciary duty claims (Doc. 54).[1]

Remaining for the determination is the amount of reasonable attorneys' fees. Florida adopted the federal lodestar approach as the

---

[1] Fla. Stat. §736.1004(1) provides:

(1)(a) In all actions for breach of fiduciary duty or challenging the exercise of, or failure to exercise, a trustee's powers; and

      (b) In proceedings arising under ss. 736.0410-736.0417,

      the court shall award taxable costs as in chancery actions, including attorney fees and guardian ad litem fees.

3

foundation for setting reasonable fee awards. <u>Florida Patient's Compensation Fund</u> v. <u>Rowe</u>, 472 So.2d 1145, 1150 (Fla. 1985); <u>Bell</u> v. <u>U.S.B. Acquisition Co., Inc.</u>, 734 So.2d 403, 406 (Fla. 1999).

This method requires the court to determine a "lodestar figure" by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the services of the prevailing party's attorney. <u>Bell</u> v. <u>U.S.B. Acquisition Co., Inc.</u>, <u>supra</u>, 734 So.2d at 406. In this respect,

> the "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." <u>Norman</u>, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.... A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." <u>Id</u>. (citations omitted).

<u>Am. Civil Liberties Union of Georgia</u> v. <u>Barnes</u>, 168 F.3d 423, 427 (11th Cir. 1999).

Furthermore, fee applicants are required to exercise "billing judgment." <u>Id</u>. at 428. If they do not exclude "excessive, redundant, or

4

otherwise unnecessary hours" the court must exercise billing judgment for the applicant. <u>Id</u>.

The fee opponent then "has the burden of pointing out with specificity which hours should be deducted." <u>Centex–Rooney Const. Co., Inc.</u> v. <u>Martin County</u>, 725 So.2d 1255, 1259 (Fla. App. 1999); <u>see also</u> Local Rule 7.01(d) ("A response to a supplemental motion on amount must detail the basis for each objection, including the identification by day and timekeeper of an unreasonable claim.").

The defendant failed to satisfy that burden, as she did not file an opposition to this motion. Significantly, it is not the court's role to advocate for the fee opponent. To the contrary, in this circumstance the court may treat the motion as unopposed. <u>See</u> <u>Cent. Fla. Sterilization, LLC</u> v. <u>Synergy Health AST, LLC</u>, No. 6:15-cv-2120-Orl-31TBS, 2017 WL 4465744 at *2 (M.D. Fla. Sept. 20, 2017) (When a party fails to respond to an attorney's fee motion, that is an indication that the motion is unopposed and the court may grant the relief requested on this basis.); Local Rule 3.01(b) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

A.    <u>Reasonable Hourly Rates</u>.

The lodestar equation requires the court to determine first a

5

"reasonable" hourly rate for the services of the prevailing party's attorney. The party who seeks the fees carries the burden of establishing the prevailing "market rate," i.e., the rate charged in that community by lawyers of reasonably comparable skill, experience and reputation, for similar services. Florida Patient's Compensation Fund v. Rowe, supra, 472 So.2d at 1150–51.

Furthermore, "the court … is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman v. Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303 (citation omitted); see also Dial HD, Inc. v. ClearOne Communications, 536 Fed. Appx. 927, 930 (11th Cir. 2013).

Plaintiff's counsel is the law firm of Stitcher, Riedel, Blain & Postler, P.A. (Stitcher Riedel).  It requests a blended hourly rate of $341.97, comprised of attorney rates ranging between $250.00 and $525.00 and a paralegal hourly rate of $200.00 (Doc. 55, p. 8).

Matthew B. Hale, who is the primary attorney on this matter, has nine years of experience in private practice and was a clerk for a United States Bankruptcy Court for two years (Doc. 55-1, p. 6).   Hale states in his declaration that Stitcher Riedel performed the services "economically and at

6

a very high level of skill" and that the hourly rates are well within acceptable local standards and have been approved in other matters in which the law firm has been involved (Doc. 55-1, pp. 4-5, 7).

Counsel also submitted in support of its fee application the declaration of attorney Erik Johanson (Doc. 55-2). Johanson, who is knowledgeable and experienced in creditors' rights litigation matters, states that he is familiar with the fees customarily charged by attorneys and allowed by Florida courts for those services (id., p. 1). He opines that blended hourly rate of $341.97 for services in this case is reasonable (id., pp. 2, 5).

I agree. Although the paralegal rate of $200.00 is on the high side, and the experience of the other attorneys is not specified, the defendant's evidence of reasonableness is unchallenged, and attorney Hale, who was the primary attorney on this case, clearly has expertise warranting this fee. Buttressing its reasonableness is the law firm's efficiency in prosecuting this case, the type of litigation, and the completely successful outcome for its client. See Norman v. Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303 ("The court ... is itself an expert ... and may consider its own knowledge and experience concerning reasonable and proper fees."). I note, particularly, that counsel estimates that the value of the asset it secured for the debtor's estate exceeds $100,000 (Doc. 55-1,

p. 6).

I therefore recommend that the court find the hourly blended rate of $341.97 is reasonable.

B.    Reasonableness of the Number of Hours Expended.

The second part of the lodestar equation is the determination of the number of hours reasonably expended on this matter. Stichter Reidel spent 105.8 hours "for … services on behalf of the Plaintiff pursuing causes of action and remedies related to the Defendant's breach of fiduciary duties" (id., p. 3).

Plaintiff's counsel submitted detailed timesheets that outline the work performed in this case. The requested hours encompass all aspects of the litigation, from drafting the initial pleading, performing legal research, conducting discovery, drafting the summary judgment and default motions, and fee-related motions (see id., pp. 9-13). A review of the timesheets does not reveal any unreasonable time entries (id., pp. 2-5).[2]

_____

[2] The plaintiff seeks recovery for all hours expended on this case, which include time spent on other causes of action. Florida law holds that, if "the claims involve a 'common core' of facts and are based on 'related legal theories,' a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney's fees were sought or were authorized." Durden v. Citicorp Tr. Bank, FSB, 763 F. Supp. 2d 1299, 1306 (M.D. Fla. 2011) (quotation and internal quotation marks omitted). The plaintiff alleges, without dispute, that the requested fees are "for … services … related to the Defendant's breach of fiduciary duties" (Doc. 55-1, p. 3). I therefore recommend no reduction be made because a few of these hours may possibly be separable from the breach of fiduciary duty claims. See Durden v. Citicorp

Furthermore, Johanson who examined the work files and time records maintained by Plaintiff's counsel, opines that 105.80 hours were reasonably expended on this case (Doc. 55-2, pp. 2, 5).    Johanson additionally notes that he "discussed the matter with counsel to the extent I deemed such examination and discussion necessary to formulate an opinion as to the time and labor required on the matters" (id., p. 4).

For these reasons, I recommend that the court find 105.8 hours a reasonable expenditure of time in this case.

The final consideration is whether an adjustment of the lodestar is warranted. See Bivins v. Wrap It Up. Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).  There is a strong presumption that the lodestar is a reasonable fee. Id.  Here, no adjustment of the lodestar is requested, and there is no apparent basis for one.

In sum, based upon my review of the time records, declarations, and Eleventh Circuit authority, and considering my own experience evaluating fee motions, a lodestar of $36,180.00, comprised of 105.8 hours of legal work, at a blended hourly rate of $341.97, is a reasonable attorneys' fee.

---

Tr. Bank, FSB, supra, 763 F. Supp. 2d at 1306.

III.

The plaintiff also seeks reimbursement of taxable costs totaling $1,848.84 (Doc. 55-1, p. 15). The plaintiff is entitled to reimbursement of taxable costs. See Fla. Stat. §736.1004(1)(b).

Counsel includes an itemized list of its costs comprising the filing fee ($402.00), necessary transcripts ($1,233.97), postage ($12.87), and service of process ($200.00) (see Doc. 55-1, p. 15). Except for the postage, which is not taxable under 28 U.S.C. 1920, these costs are recoverable. See 28 U.S.C. 1920; Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996). Therefore, I recommend that the plaintiff be awarded taxable costs totaling $1,835.97, which is $12.87 less than requested.

IV.

Finally, the plaintiff requests that the amended judgment (Doc. 55, p. 7):

> (1) impose liability against Defendant, individually, for the fee and costs award, and (2) provide that any distribution the Defendant may be entitled to as beneficiary of the Wander Trust shall be directed to satisfy the fee and cost award liability before Defendant receives any distribution.

The plaintiff argues, without dispute, that this remedy is authorized under Fla. Stat. §736.1004(2). It pertinently provides:

10

> When awarding taxable costs under this section, including attorney fees … the court, in its discretion, may direct payment from a party's interest, if any, in the trust or enter a judgment that may be satisfied from other property of the party, or both.

See Jacobson v. Sklaire, 92 So. 3d 228 (Fla. App. 2012).

In Jacobson, co-trustees who breached their fiduciary duty to disburse trust property were found personally liable to the beneficiary of the trust for attorneys' fees under Fla. Stat. §736.1004.

Judge Ramirez elaborated in his concurrence:

> Here, the co-trustees were defendants charged with improperly withholding a distribution called for under the trust instrument. As a prevailing party, the beneficiary was entitled to attorney fees, and "the court in its discretion, may direct payment from a party's interest, if any, in the trust or enter a judgment that may be satisfied from the other property of the party, or both." § 736.1004(2) Fla. Stat. (2007).

Here, the defendant was found liable in her individual capacity and as successor trustee for breaching her fiduciary duty to the Wander Living Trust (see Doc. 37, p. 22). Judgment was entered accordingly (Doc. 52). Therefore, attorneys' fees may be imposed against the defendant individually. See Fla. Stat. §736.1004(1)(a) ("[i]n all actions for breach of fiduciary duty or challenging the exercise of, or failure to exercise, a trustee's

11

powers … the court shall award taxable costs as in chancery actions, including attorney fees ….).

Furthermore, under Fla. Stat. §736.1004(2), "the court, in its discretion, may direct payment from a party's interest, if any, in the trust …." The defendant's egregious misconduct warrants the court's exercise of discretion to award attorneys' fees from the defendant's distribution of funds she may receive as a trust beneficiary. Specifically, the court found:

> Defendant never liquidated the Mohawk Property or distributed the Debtor's 1/3 share of the Mohawk Property to the Debtor, despite her express obligation under the Wander Trust. Defendant has resided on the Mohawk Property [for 18 years,] since Gene Wander's death on October 1, 2003, without paying any rent to the other beneficiaries of the trust … as compensation for her use and occupancy of the property.

(Doc. 37, p. 3) (citations omitted).

Additionally, several months after the plaintiff sent a demand letter to the defendant regarding the Mohawk Property, "Defendant … executed a quitclaim deed transferring title to the Mohawk Property from the Wander Trust, to herself, individually" (id., pp. 3-4). Therefore, the equities favor an order directing the attorneys' fees be paid from the defendant's distribution from the Mohawk Property. See Fla. Stat. § 736.1004(2).

Importantly, the defendant, who could have filed an opposition

12

to this request in her individual capacity, did not do so. Thus, the requested relief is unchallenged. Therefore, I recommend that this request be granted.

V.

For the foregoing reasons, I recommend that the Supplemental Motion on Amount of Attorneys' Fees (Doc. 55) be granted to the extent that the plaintiff be awarded attorneys' fees of $36,180.00 and costs of $1,835.97. Additionally, I recommend that the judgment entered personally against the defendant for the attorneys' fees, and that the award be satisfied by funds the defendant may be entitled to as a beneficiary of the Wander Living Trust before she receives any distribution.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: APRIL 23, 2025.

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.

13